## TOY TOY *v.* HOPKINS, UNITED STATES MARSHAL.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WASHINGTON.

No. 49.   Argued December 9, 1908.—Decided February 23, 1909.

After the Circuit Court of the United States has heard and passed on evidence affecting its jurisdiction, its judgment is open to review in the appellate court by writ of error, but the judgment cannot be attacked collaterally as absolutely void.

Even though the Circuit Court erroneously retains jurisdiction of a criminal case against an allottee Indian, its judgment is not void but should be corrected on appeal or by writ of error and cannot be attacked in *habeas corpus* proceedings.

*In re Heff,* 197 U. S. 488, as explained in *In re Lincoln,* 202 U. S. 178, distinguished.

THE facts are stated in the opinion.

*Mr. A. E. Crane,* with whom *Mr. F. T. Woodburn* was on the brief, for appellant:

The statute under which the petitioner was prosecuted applies only to murders committed by Indians upon reservations within States. The Federal courts have no jurisdiction of offenses committed by citizen Indians. *United States* v. *Kagama,* 118 U. S. 375; *State* v. *Smokalen,* 79 Pac. Rep. 603; *United States* v. *Thomas,* 151 U. S. 585; *State* v. *Campbell,* 55 N. W. Rep. 553.

The petitioner being a citizen of the United States and of the State of Oregon at the time of the commission of the offense charged in the indictment, the act of Congress, if it applies, was unconstitutional and void as attempting to usurp the police powers of the State. The case of *In re Heff,* 197 U. S. 488, is decisive of this point.

The petitioner, having taken an allotment of land in severalty and the preliminary patent having been issued therefor, was a citizen of the United States and of the State of Oregon, by virtue of the act of Congress of February 8, 1887. *In re Heff,* 197 U. S. 488; *In re Now-Ge-Zhuck,* 76 Pac. Rep. 877; *United States* v. *Rickert,* 106 Fed. Rep. 5; *Farrell* v. *United States,* 110 Fed. Rep. 942, 947; *State ex rel. Crawford* v. *Norris,* 37 Nebraska, 299; *Boyd* v. *Nebraska,* 143 U. S. 155; *Guyatt* v. *Kautz,* 83 Pac. Rep. 9.

The act of March 3, 1885, applies only when the crime is committed by a tribal Indian and when the offense is committed on an Indian reservation. To sustain an indictment under that act, it is necessary to prove that the defendant at the time of the commission of the offense was a tribal Indian and that the crime was committed upon an Indian reservation. The Umatilla Indian reservation had been allotted in severalty to the members of the tribe at the time of the commission of

the offense and it was not an Indian reservation and the Circuit Court had no jurisdiction for that reason. *Forty-Three Cases of Brandy*, 14 Fed. Rep. 539; *United States* v. *Kagama*, 118 U. S. 383; *United States* v. *Richert*, 106 Fed. Rep. 6; *Draper* v. *United States*, 164 U. S. 240, 246; *State* v. *Campbell*, 55 N. W. Rep. 553, 555.

When a court acts without authority its judgment and orders are regarded as nullities. They form no bar to a remedy sought in opposition to them even prior to reversal. The jurisdiction of any court, exercising authority over a subject, may be inquired into when the proceedings of the former are relied upon. When a court assumes to act where it has no jurisdiction, its adjudications would be utterly void as an estoppel. *In re Heff*, 197 U. S. 488; *Basso Case*, 40 Ct. Cl. 202; *In re Cuddy*, 131 U. S. 280, 286; *Kilbourn* v. *Thompson*, 103 U. S. 168; *In re Mayfield*, 141 U. S. 107; *Thompson* v. *Whitman*, 18 Wall. 457; *Perry, Admr.*, v. *St. Joe & W. R. R. Co.*, 29 Kansas, 420, 423; *Griffith* v. *Frazier*, 8 Cranch, 23; *Scott* v. *McNeal*, 154 U. S. 34; *Thompson* v. *Tolmi*, 2 Pet. 157, 163; *Wise* v. *Withers*, 3 Cranch, 331, 337; *Rose* v. *Himley*, 4 Cranch, 241, 268; *Cooper* v. *Newell*, 173 U. S. 555; *Dow* v. *Johnson*, 100 U. S. 158.

If the Circuit Court did not have jurisdiction of the subject-matter of the action, the acts and conduct of the petitioner could not give it jurisdiction and do not estop him. Jurisdiction can only be conferred by the sovereign authority which organizes the court. A void judgment cannot be the basis of an estoppel. *State* v. *Jennings*, 24 Kansas, 654; *Gruner* v. *United States*, 11 How. 163; *McKinnon* v. *Hall*, 50 Pac. Rep. 1052; *Cooper* v. *Reynolds*, 10 Wall. 316; *Dicks* v. *Hatch*, 10 Iowa, 380; *Springer* v. *Shavender*, 54 Am. St. Rep. 708; *Savage* v. *Sternberg*, 19 Washington, 679; *Elliott* v. *Piersol*, 1 Pet. 328; *Wilcox* v. *Jackson*, 13 Pet. 511.

If the indictment in question in this case had alleged that Toy Toy was an Indian to whom an allotment of land in severalty had been made and that he had received his preliminary patent therefor, the judgment would have been void upon its

face and could have been questioned in this action. By a failure to allege the facts, the court cannot acquire jurisdiction. *Dicks* v. *Hatch,* 10 Iowa, 384; *Murray* v. *Am. Surety Co.,* 10 Fed. Rep. 341; *Ex parte Nielson,* 131 U. S. 176, 182; *County Commr.* v. *K. C., F. S. & M. R. Co.,* 47 Pac. Rep. 327; *Morton* v. *Shelby & Co.,* 118 U. S. 441.

*The Solicitor General* for appellee:

Appellant and Columbia George have been convicted both in the state and Federal courts of Oregon, and sentenced in the Federal court to life imprisonment. After the lapse of four years their counsel applied to this court for leave to file a petition for a writ of *habeas corpus,* and on the denial of that motion, a petition for the writ on behalf of this appellant alone was filed in the United States Circuit Court for the Western District of Washington. This course is simply a persistent effort to thwart justice to the end that two doubly convicted criminals should go unpunished.

The record affirmatively shows that the Circuit Court for Oregon had jurisdiction and was authorized to hear and pass upon the questions involved. Its decision was open to review in the appellate court by writ of error, and defendants, having chosen not to pursue that course, cannot now attempt to secure a correction of the alleged errors through a writ of *habeas corpus.* This court has repeatedly ruled that the writ of *habeas corpus* cannot be made to perform the functions of a writ of error. *In re Eckart,* 166 U. S. 481; *Dimmick* v. *Tompkins,* 194 U. S. 540; *Riggins* v. *United States,* 199 U. S. 547; *Valentina* v. *Mercer,* 201 U. S. 131; *Felts* v. *Murphy,* 201 U. S. 123; *In re Lincoln,* 202 U. S. 178.

The decision of the Circuit Court cannot be impeached collaterally as absolutely void. The conviction here in the state and Federal courts have carried the guilt of this defendant into the region of fixed and established facts beyond the effect of any alleged failure of jurisdiction, on a question raised years afterwards, to overthrow. See *United States* v. *Chandler-*

*Dunbar Water Power Co.*, 209 U. S. 447; *Louisiana v. Garfield*, 211 U. S. 70.

The court has shown no disposition to extend the decision in *In re Heff*, 197 U. S. 488, which must be considered in the light of the facts of that case. *In re Lincoln*, 202 U. S. 178. Notwithstanding the Heff decision, Congress may exercise police control over lands allotted in severalty as to which the Indian title is extinguished, although the Indians may be citizens and the lands within the limits of a State. That may be the effect of an agreement with the Indians ratified by Congress. *Dick v. United States*, 208 U. S. 340. The act of May 3, 1885, 23 Stat. 340, providing for allotments in severalty on the Umatilla reservation, produces the same effect. Notwithstanding the allotment it was the intention of Congress to maintain the reservation within reduced limits, and to preserve the tribal relations. That law was so construed by the Supreme Court of Oregon in *State v. Columbia George*, 39 Oregon, 127, 138, 147; see also *United States v. Flournoy Live Stock Co.*, 71 Fed. Rep. 576; *S. C.*, 79 Fed. Rep. 886.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Toy Toy and Columbia George, both Indians of the Umatilla tribe, were jointly indicted in a state court in Oregon for the crime of murder in the first degree, committed on an Indian woman on the United States Indian reservation in Umatilla County, Oregon; were separately tried and convicted, and each sentenced to death. Columbia George appealed from the judgment of conviction on the ground, among others, that the state court was without jurisdiction, inasmuch as the crime was committed by Indians upon an Indian on an Indian reservation, and that it was therefore within the exclusive jurisdiction of the Federal courts. In a careful opinion by Wolverton, J., the Supreme Court of the State of Oregon upheld this contention, and, reversing the judgment of the trial court, ordered the dis-

charge of the defendant. *State* v. *Columbia George*, 39 Oregon, 127. Thereupon defendants were indicted under § 5339 of the Revised Statutes in the Circuit Court of the United States for the District of Oregon, regularly tried and convicted of murder (without capital punishment) and sentenced to imprisonment for the term of their natural lives.

At October term, 1905, application was made to this court for leave to file a petition for the writ of *habeas corpus*, which was denied March 5, 1906. 201 U. S. 641. Thereafter a petition for writ of *habeas corpus* on behalf of Toy Toy only was filed in the Circuit Court of the United States for the Western District of Washington. That court denied the petition, and the case is now before this court on appeal.

The indictment in this case charged Columbia George and Toy Toy, Indians, with the murder of Annie Edna, an Indian woman, upon the Umatilla Reservation within the State and District of Oregon.

On the face of the record the United States Circuit Court for the District of Oregon, in which these Indians were last tried and convicted, had jurisdiction of the offense and of the defendants. They were tried, found guilty and sentenced to the penitentiary for life. Five years thereafter Toy Toy applied for the writ of *habeas corpus*, and alleged that the indictment, arraignment, trial, judgment, sentence and commitment were wholly null and void for want of jurisdiction over subject-matter and person. The petition alleged:

"That the place where said Annie Edna was killed was a tract of land which had once been a part of the Umatilla Indian Reservation, in the State of Oregon, but that long prior to and at the time of the death of the said Annie Edna the said tract of land had been allotted to one Tatzhammer, and a patent for the said land had been duly issued to her, by the United States, as a member of the Umatilla tribe of Indians. And that the said premises whereon said Annie Edna was killed, by reason of said allotment and patent, ceased to be Indian country and ceased to be a part of the said Umatilla Indian Reservation

in Oregon. .That on the 16th day of September, 1899, your petitioner, who was prior thereto a member of the Umatilla tribe of Indians, received an allotment of land from what had theretofore been a part of the Umatilla Indian Reservation in Oregon, and received from the United States a preliminary patent for said allotment, and by reason of said allotment and patent of land, and by virtue of the act of Congress, approved February 8, 1887, your petitioner became, and at the time of the killing of the said Annie Edna on the 24th day of August, 1900, was, and at all times since has been a citizen of the United States and of the State of Oregon, and subject to its laws.

"Your petitioner further states that he was born within the territorial limits of the United States, and that at the time of the killing of the said Annie Edna your petitioner had voluntarily taken up within the limits of the United States his residence, separate and apart from the Umatilla tribe of Indians, and had adopted the habits of civilized life, and that for all of the reasons heretofore given the act of Congress of March 3, 1885, is unconstitutional and void when applied to the facts herein set out."

If such were the facts, and they made out a want of jurisdiction under the applicable statutes, which on the merits we do not hold, the Circuit Court, nevertheless, was authorized to hear and pass upon those questions in the first instance, and its decision was open to review in the appellate court by writ of error. But it could not be attacked collaterally as absolutely void, and *habeas corpus* cannot be availed of as a writ of error.

"It is rarely that things are wholly void and without force and effect as to all persons and for all purposes, and incapable of being made otherwise. Things are voidable which are valid and effectual until they are avoided by some act; while things are often said to be void, which are without validity until confirmed." 8 Bac. Abr. Void and Voidable; *Ewell* v. *Daggs,* 108 U. S. 143; *Weeks* v. *Bridgman,* 159 U. S. 541, 547; *Louisville Trust Co.* v. *Comingor,* 184 U. S. 18, 25. In the latter case we said, among other things:

"Jurisdiction as to the subject-matter may be limited in various ways, as to civil and criminal cases; cases at common law or in equity or in admiralty; probate cases, or cases under special statutes; to particular classes of persons; to proceedings in particular modes; and so on. In many cases jurisdiction may depend on the ascertainment of facts involving the merits, and in that sense the court exercises jurisdiction in disposing of the preliminary inquiry, although the result may be that it finds that it cannot go farther. And where, in a case like that before us, the court erroneously retains jurisdiction to adjudicate the merits, its action can be corrected on review."

And see *United States* v. *Shipp,* 203 U. S. 563.

We are of opinion that the Circuit Court was right in denying the application for the writ of *habeas corpus* and that its final order must be affirmed.

It is true that the writ was granted in the case of *In re Heff,* 197 U. S. 488, but the explanation of that case, given in the case of *In re Lincoln,* 202 U. S. 178, deprives it of any weight here.

*Final order affirmed.*