HUTCHINS, TRUSTEE, v. WILLIAM W. BIERCE, LIMITED.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 447.  Argued November 29, 1908.—Decided December 14, 1908.

An appeal from a judgment of the Supreme Court of Hawaii dismissed because not final. *Cotton* v. *Hawaii, ante,* p. 162.

The facts are stated in the opinion.

*Mr. David L. Withington* and *Mr. Aldis B. Browne*, with whom *Mr. W. R. Castle,* *Mr. Alexander Britton* and *Mr. J. W. Cathcart* were on the brief, for appellant.

*Mr. Charles H. Aldrich*, with whom *Mr. Henry S. McAuley* and *Mr. Henry W. Prouty* were on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case has been before this court once already. 205 U. S. 340. It was an action of replevin and was tried by a judge without a jury. The judge found that the allegations of the complaint were proved and that the plaintiff, William W. Bierce, Limited, was entitled to recover. He also made a series of findings in detail, establishing the plaintiff's case and excluding certain defenses. These findings were excepted to on various grounds, among others, that they were not warranted by the evidence, and the whole evidence was attached to the bill of exceptions. Two of the findings were that the plaintiff had not waived a condition precedent to the passing of title to the property replevied, and that it had not elected against its right to bring this action. The case went to the Supreme Court of Hawaii on the exceptions and there, of course, the question was whether it appeared as matter of law that the finding for the plaintiff and the judgment rendered upon it were unwarranted. The Supreme Court held that an election appeared as matter of law, sustained the exceptions, and made the usual order sending the case back for further proceedings in the lower court; but afterwards, on the plaintiff's motion, coupled with an affidavit that it would have no more evidence to offer at a second trial, it ordered judgment for the defendant. Thereupon the plaintiff brought the case here. It was held that the error relied on was not made out against the findings of the trial court, and the judgment of the Supreme Court of the Territory was reversed.

In the discussion here it was assumed that the Supreme

Court of the Territory had power under the local procedure to order judgment as it did, and so to lay a foundation for the appeal. But the difficulties incident to such a course in cases subject to appeal are made manifest by this case. If the Supreme Court had the power to order judgment, obviously the scope of its inquiry before rendering judgment was not enlarged by the subsequent appeal or by the liability to it. When it rendered judgment it was confined to the questions of law presented by the bill of exceptions and the record. Logically, on appeal in such a case this court would be confined in the same way. At the broadest, the only questions would be whether it appeared from the record, as matter of law, that the judgment for the defendant ordered by the Supreme Court, or the judgment for the plaintiff in the court of first instance, or both of them, were wrong. It would be anomalous if the Supreme Court could make the statement of facts which is contemplated by the statutes and which it was said in our former opinion should have been made, in such form as to open questions on which the Supreme Court itself had had no power to pass before entering judgment, and so to present to this court grounds for decision which the Supreme Court of Hawaii could not have taken into account. On the other hand a statement that should present the questions passed upon and no more would simply have presented the record, even if possibly somewhat abridged, or modified by concessions of which there was some trace in the opinion of the court. So not unnaturally, at the subsequent stage the Supreme Court found itself a little perplexed.

Whatever might have been open, in our former decision the only question actually dealt with was whether the judgment of the Supreme Court could be sustained. There were some subordinate exceptions to the admission of evidence and the allowance of an amendment that were not considered here. When the case went back these were taken up and overruled by the Supreme Court. It then made a statement of facts in deference to what was said in our decision, and the defendant

appealed to this court. But this time the Supreme Court did not order judgment, and it may be, that in its present opinion, the former judgment was unwarranted in point of procedure. *Meheula* v. *Pioneer Mill Co.*, 17 Hawaii, 91. It is unnecessary to consider whether our former decision left anything open, in view of the technical scope of the appeal on the one side and the limited inquiry to which our attention was directed on the other. The statement of facts cannot affect that question, nor can it affect the defendant's right to be here. It is enough that the Supreme Court of Hawaii has pursued the usual course upon exceptions, and has not entered or directed a judgment. Therefore, as was decided a few days ago, in *Cotton* v. *Hawaii*, *ante*, p. 162, an appeal does not lie.

*Appeal dismissed.*