GOTO ET AL. *v.* LANE, HIGH SHERIFF OF THE TERRITORY OF HAWAII.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF HAWAII.

No. 463.   Argued February 28, 29, 1924.—Decided June 2, 1924.

1. In the federal courts a discharge on *habeas corpus* of a prisoner confined under a criminal accusation or conviction, is granted only in the exercise of a sound judicial discretion.   P. 401.

2. The instances in which this remedy is granted, when the law has provided another remedy in regular course, are exceptional and usually confined to situations where there is a peculiar and pressing need for it, or where the process or judgment under which the prisoner is held is wholly void. P. 401.

3. Petitioners were convicted of an infamous crime in the Circuit Court of Hawaii, under an indictment phrased disjunctively but which they stipulated should be construed conjunctively; on exceptions reserved at the trial they contended in the territorial Supreme Court that the indictment was bad for uncertainty, under the Sixth Amendment, and the stipulation void as an amendment of the indictment without resubmission to a grand jury, in contravention of the Fifth Amendment; following local practice, the Supreme Court overruled the exceptions without entering a judgment affirming the conviction which would have been reviewable here; and thereafter the petitioners renewed the constitutional objections by their petition for *habeas corpus* in the United States District Court for Hawaii.

*Held:* (a) That the territorial trial court had jurisdiction to decide upon the construction of the indictment, its sufficiency and the effect of the stipulation, and its judgment, if erroneous, was not void, even though the application of constitutional principles was involved. P. 402.

(b) The stipulation was not an amendment of the indictment. *Ex parte Bain,* 121 U. S. 1, distinguished. *Id.*

(c) Relief should have been sought by writ of error from the Hawaiian Supreme Court, whose judgment, if it affirmed the conviction, would have been reviewable here. *Id.*

(d) Allowing the time to elapse within which a writ of error might have been taken, gave no right to *habeas corpus* as a substitute. *Id.*

Affirmed.

APPEAL from a judgment of the District Court for Hawaii refusing a writ of *habeas corpus.*

*Mr. Thomas W. Gregory* for appellants.

The imprisonment of appellants under sentence of conviction based on an indictment amended without resubmission to the grand jury is in violation of the Fifth Amendment. *Ex parte Bain,* 121 U. S. 1; *Calvin* v. *State,* 25 Tex. 789; *People* v. *Campbell,* 4 Parker's Crim. Rep. (N. Y.) 386.

The respondent will not be heard to say that the prosecution in procuring the stipulation in question, and the circuit judge in writing his approval thereon, did an idle thing. It is clear, both from reason and authority, that this stipulation effected an amendment of the indictment just as much as if the word " or " wherever it occurs therein had been erased and the word " and " inserted in lieu.

The only difference between the *Bain Case* and this case, so far as the question under discussion is concerned, is that Bain was tried in a federal court while appellants were tried in a territorial court. If they had been tried in a state court this difference might have become important, but it will hardly be questioned that the Fifth Amendment applies to the courts of the Territory of Hawaii. See *Thompson* v. *Utah,* 170 U. S. 343; *Hawaii* v. *Mankichi,* 190 U. S. 197; *Rassmussen* v. *United States,* 197 U. S. 516; *Queenan* v. *Territory,* 11 Okla. 261; *Territory* v. *Blomberg,* 2 Ariz. 204; *Miller* v. *State,* 3 Okla. Cr. Rep. 457.

This is not a case where a constitutional right has been waived, but where a specific prohibition of the Constitution has been violated.

Appellants should not be remitted to a remedy by appeal to this Court from the Supreme Court of the Territory of Hawaii, or by writ of error from this Court to the Supreme Court of Hawaii.

After their conviction in the Circuit Court of the Territory of Hawaii, the defendants presented their case in the Supreme Court of the Territory on a bill of exceptions in the manner provided by the statutes of Hawaii, and said court overruled their said exceptions. *Territory* v. *Goto,* 27 Haw. 65.

From an order by the Supreme Court of the Territory overruling exceptions there is no right of appeal or writ

of error, and no method of having the order reviewed in any other court except by writ of *habeas corpus.* *Cotton* v. *Hawaii,* 211 U. S. 162; *Hutchins* v. *Bierce,* 211 U. S. 429; *Spreckels* v. *Brown,* 212 U. S. 208.

If a right to an appeal or writ of error from the action of the Supreme Court of the Territory of Hawaii existed, it has been lost, and had been lost when the application was made to the United States District Court for relief by *habeas corpus.*

The Supreme Court of Hawaii has repeatedly held, in civil as well as in criminal cases, that no writ of error can be taken after the six months elapsed. *Territory* v. *Wills,* 26 Haw. 478; *Ami* v. *Parke,* 7 Haw. 214; *Hennessy* v. *Bolles,* 2 Haw. 184; *Bowler* v. *McIntyre,* 9 Haw. 306.

After the exceptions had been overruled it was too late, under Hawaii Rev. Laws 1915, § 2518, to take the case to the Supreme Court of Hawaii by writ of error, and besides, that court, in dealing with the exceptions, had already decided against appellants the very point herein involved. When the petition for *habeas corpus* was filed in the United States District Court more than a year had elapsed since appellants had been sentenced by the Territorial Circuit Court.

Unless *habeas corpus* is available appellants are without a remedy, notwithstanding the prohibition of the Fifth Amendment and the provisions of §§ 755 and 761 of the Revised Statutes.

Under the exceptional circumstances of this case the United States District Court of Hawaii was authorized to grant and should have granted the relief sought by appellants through *habeas corpus.*

A person restrained of his liberty by the judgment of a court which is without jurisdiction is not barred from release by the writ of *habeas corpus* because he might have secured such relief by a writ of error but failed to

apply for it until it was too late. *Stevens* v. *McClaughry,* 207 Fed. 18; *Ex parte Craig,* 282 Fed. 138.

The following propositions are sound:

1. The United States courts have the power to grant relief by *habeas corpus* even when a state court having the applicant in custody has not finally determined the case, but do not exercise that power except "in cases of peculiar urgency," or "under special circumstances requiring immediate action." *Markuson* v. *Boucher,* 175 U. S. 184; *Ex parte Royall,* 117 U. S. 241.

2. After there has been a final determination by a state court of last resort, the general practice is to leave the defendant to his remedy of review by writ of error; but there is a discretion in a federal court to which the application for writ of *habeas corpus* is made to determine "whether under all the circumstances then existing . . . the accused shall be put to his writ of error from the highest court of the State, or whether it will proceed by writ of *habeas corpus.*" *Ex parte Royall,* 117 U. S. 241; *In re Frederich,* 149 U. S. 70; *Urquhart* v. *Brown,* 205 U. S. 179; *Appleyard* v. *Massachusetts,* 203 U. S. 222. See *Riggins* v. *United States,* 199 U. S. 547.

3. The discretion referred to is "a legal discretion to be controlled in its exercise by such principles as are applicable to the particular case in hand," *New York* v. *Eno,* 155 U. S. 89; and "to be subordinated to any special circumstances requiring immediate action." *Ex parte Royall,* 117 U. S. 241.

4. In a case where there is no right to review the decision of the highest state court by appeal or writ of error, there is no room for the exercise of discretion, and the federal court applied to must grant the writ of *habeas corpus,* since by denying it the applicant would be cut off from his only method of asserting his rights under the Constitution and §§ 755 and 761 of the Revised Statutes. *Markuson v. Boucher,* 175 U. S. 184; *In re Chapman,* 156

U. S. 211; *Riggins* v. *United States,* 199 U. S. 547; *Frank* v. *Mangum,* 237 U. S. 309.

5. This Court has approved relief by *habeas corpus* in a number of cases in which the circumstances calling for it were less persuasive than in this case. *Appleyard* v. *Massachusetts,* 203 U. S. 222; *Medley, Petitioner,* 134 U. S. 160; *Savage, Petitioner,* 134 U. S. 176; *Matter of Heff,* 197 U. S. 488; *Hawaii* v. *Mankichi,* 1 Estee's Rep. 304; s. c. 190 U. S. 197; *Minnesota* v. *Barber,* 136 U. S. 313; *In re Loney,* 134 U. S. 372; *In re Neagle,* 135 U. S. 1; *Minnesota* v. *Brundage,* 180 U. S. 499.

6. A conviction and punishment under an unconstitutional law is no more violative of a person's constitutional rights than an unconstitutional conviction and punishment under a valid law. *Nielsen, Petitioner,* 131 U. S. 176; *Ex parte Wilson,* 114 U. S. 417; *Ex parte Lange,* 18 Wall. 163; *Ex parte Yarbrough,* 110 U. S. 651.

*Mr. Frederick Milverton,* with whom *Mr. Frank E. Thompson* was on the brief, for appellee.

*Mr. Solicitor General Beck* and *Mr. Geo. Ross Hull,* Special Assistant to the Attorney General, by leave of Court, filed a brief on behalf of the United States as *amici curiae.*

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This is an appeal from a judgment of the District Court of Hawaii refusing a writ of *habeas corpus* sought by thirteen persons in custody under a judgment of conviction in a territorial circuit court on an indictment for an infamous crime against the laws of that Territory.

In stating the offense, the indictment used the disjunctive " or " in several instances where the conjunctive " and " doubtless would have been used by an attentive

draftsman. Had the matter introduced by the disjunctive been omitted in each instance, or had it been introduced by a conjunctive, the indictment plainly would have stated an offense against the statute under which it was drawn. But in the latter of these situations the accusation and the range of admissible proof would have been broader than in the former. The indictment was not assailed in the circuit court because of any uncertainty in the accusation. On the contrary, the defendants and their counsel stipulated in writing with the prosecuting officer that the indictment should be " considered and understood " as " reading in the conjunctive instead of in the disjunctive "; that it should be taken as " not uncertain " and that any defect arising from the use of the disjunctive was waived. The circuit judge endorsed his approval on the stipulation, and it was filed in the cause; but no change was made in the indictment itself. The trial was had thereafter, counsel and the court proceeding as if the disjunctive rightly should be construed and understood as a conjunctive.

After conviction, the petitioners took the case to the Supreme Court of the Territory on various exceptions reserved to rulings in the course of the trial. In that court one of their attorneys contended, over the disapproval of another, that the indictment was made so uncertain by the use of the disjunctive that it did not inform the petitioners of the nature and cause of the accusation as required by the Sixth Amendment to the Constitution, and that the stipulation was void under the Fifth Amendment because the indictment was thereby amended without a resubmission to the grand jury. The Supreme Court, referring to these contentions, said:

" We are of the opinion that the stipulation in question can not be construed as amounting to an amendment of the indictment. The trial court did express its approval of the stipulation and of the waiver contained therein, but

it did not amend the indictment or attempt or purport to do so. . . . If it might under other circumstances reasonably be said that, by reason of the allegations in question being in the disjunctive instead of the conjunctive, there was some doubt as to what crime defendants were charged with, does it not expressly appear in this case that not a vestige of doubt exists, when the defendants themselves have distinctly and unequivocally said, and their counsel learned in the law have solemnly stipulated and agreed in writing, that neither the defendants nor their counsel had any doubt whatever of the nature of the accusation against the defendants? "

And again, "As to whether, if an indictment palpably stated no offense at all or the semblance of any offense, an accused could waive his right to be informed of the nature and cause of the accusation against him, under the facts in the present case we are not required to say. There are, indeed, many authorities to the effect that an indictment which, in seeking to inform the accused of the nature and cause of the accusation against him, charges the offense in the disjunctive instead of the conjunctive, is bad, upon the theory that it charges no offense at all. But, as pointed out in *Territory* v. *Kim Ung Pil,* 26 Haw. 725, even the courts which so hold concede that the rule is not without qualifications. Its merits need not be here considered. . . . When, as in the case at bar, the defendants and their able counsel have solemnly said to the court, after ample time for study and reflection, that they understand the indictment, that the presence of the word " or " does not mislead them or in any wise embarrass them in their defense and that the indictment fully informs them of the nature and terms of the charge against them, the alleged insufficiency or defectiveness of the indictment is one which may be constitutionally waived. Any other conclusion would, we think, be an affront to justice and common sense."

The Supreme Court overruled the exceptions, but did not render a judgment of affirmance, for under the local law that was not admissible in cases brought before the court only on exceptions reserved. Therefore that decision could not be brought to this Court for review. *Cotton* v. *Hawaii,* 211 U. S. 162; *Hutchins* v. *Bierce,* 211 U. S. 429. But had the petitioners so chosen, they could have taken the case to that court on writ of error instead of on the reserved exceptions, and in that event a judgment of affirmance, if involving the denial of a right asserted under the Constitution, could have been brought by writ of error to this Court for review in regular course. *Spreckels* v. *Brown,* 212 U. S. 208. The petitioners, however, elected to proceed the other way.

With this statement of the situation and proceedings in the territorial courts, we turn to the petition for *habeas corpus* presented in the District Court. In it the petitioners set forth the indictment, the stipulation and the judgment of the trial court, and then took the position, first, that the use of the disjunctive rendered the indictment so uncertain that it did not meet the requirement of the Sixth Amendment to the Constitution, and, secondly, that the stipulation effected a change in the indictment without a resubmission to a grand jury and that this was in contravention of the Fifth Amendment. The District Court denied the petition on the ground that the case was not one in which the relief sought should be awarded.

In the federal courts a discharge on *habeas corpus* of a prisoner held to answer a criminal accusation or confined under a judgment of conviction is granted only in the exercise of a sound judicial discretion. *Salinger* v. *Loisel, ante,* 224; *Storti* v. *Massachusetts,* 183 U. S. 138, 143. The remedy is an extraordinary one, out of the usual course, and involves a collateral attack on the process or judgment constituting the basis of the detention. The instances in which it is granted, when the law

has provided another remedy in regular course, are exceptional and usually confined to situations where there is peculiar and pressing need for it or where the process or judgment under which the prisoner is held is wholly void.

This case does not measure up to that test. The circuit court in which the petitioners were tried and convicted undoubtedly had jurisdiction of the subject matter and of their persons, and the sentence imposed was not in excess of its power. The offense charged was neither colorless nor an impossible one under the law. The construction to be put on the indictment, its sufficiency and the effect to be given to the stipulation were all matters the determination of which rested primarily with that court. If it erred in determining them, its judgment was not for that reason void, *Ex parte Watkins,* 3 Pet. 193, 203; *Ex parte Parks,* 93 U. S. 18, 20; *Ex parte Yarbrough,* 110 U. S. 651, 654, but subject to correction in regular course on writ of error. If the questions presented involved the application of constitutional principles, that alone did not alter the rule. *Markuson* v. *Boucher,* 175 U. S. 184. And, if the petitioners permitted the time within which a review on writ of error might be obtained to elapse and thereby lost the opportunity for such a review, that gave no right to resort to *habeas corpus* as a substitute. *Riddle* v. *Dyche,* 262 U. S. 333. And see *Craig* v. *Hecht,* 263 U. S. 255.

The petitioners rely on *Ex parte Bain,* 121 U. S. 1, where it was held that an actual amendment of an indictment for an infamous crime without a resubmission to the grand jury rendered the indictment void and left the court without power to proceed to a trial. But, as was said by the Supreme Court of the Territory, the indictment here was not amended. The purpose of the stipulation was not to alter or change the indictment but to show that the parties construed and understood the accusation in a particular way and desired the court to do

the same.  Had the court done so without the stipulation, that might have been an error in the exercise of jurisdiction, but it would not have worked an entire disability to proceed to a trial and judgment.  And had the accused been acquitted it hardly would be said that the acquittal was void.  The stipulation did not alter the situation in these respects.

We find no special circumstances in the case which should have required the District Court, in the exercise of a sound judicial discretion, to discharge the petitioners.

*Judgment affirmed.*