**BIDDLE, Warden, v. LIEBERMAN.**

(Circuit Court of Appeals, Eighth Circuit. October 29, 1925.)

No. 6235.

Counterfeiting &s=16—Indictment for bringing into United States counterfeit strip stamps and inland excise stamps held to charge offense.

Under Criminal Code, § 161 (Comp. St. § 10331), providing a penalty for bringing into the United States any counterfeit engraving, print, or impression of obligations or securities of any foreign government, bank, or corporation, indictment charging the bringing into the United States of counterfeit Canadian strip stamps and inland excise stamps *held* to charge an offense.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus by Albert Lieberman against W. I. Biddle, as Warden of the United States Penitentiary at Leavenworth, Kan. From a decree for petitioner, respondent appeals. Reversed and remanded, with directions.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty.,

of Topeka, Kan., on the brief), for appellant.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. Appellee, with another, was indicted in the Eastern district of Michigan for having feloniously and without authority brought into the United States from a foreign country, to wit, the Dominion of Canada, "a certain large quantity of counterfeit engravings, prints and impressions, to wit, two thousand so-called strip stamps and inland excise stamps, said counterfeit engravings, prints, and impressions being then and there in the likeness and similitude of a certain genuine obligation and security of a certain foreign government, to wit, the Dominion of Canada, said counterfeit engravings, prints and impressions being in the likeness and similitude of certain inland excise stamps of a certain foreign government of the denomination of one cent." Then followed a detailed description of the counterfeit inland excise stamps thus introduced.

Upon arraignment, the appellee, Lieberman, entered a plea of guilty and was sentenced to imprisonment for a period of three years in the United States penitentiary at Leavenworth, Kan. He later sued out, in the District Court for the District of Kansas, a writ of habeas corpus upon which he was by the court discharged from custody. From this order and judgment the warden brings this appeal.

The decree below was entered without opinion and appellee files no brief in this court. The sole ground upon which the petition for habeas corpus bases its claim for the relief prayed is that "the indictment does not state or allege any offense against the laws of the United States, and does not state or allege any facts the doing of which would constitute an offense against said section 161 of the Criminal Code, or any other statute of the United States," by reason whereof it is urged that the trial court was without jurisdiction.

Section 161 of the Criminal Code (Comp. St. § 10331), in so far as it is here applicable, provides:

"Whoever shall bring into the United States or any place subject to the jurisdiction thereof any counterfeit plate, stone, or other thing, or engraving, photograph, print, or other impressions of the notes, bonds, obligations, or other securities of any foreign government, bank, or corporation, shall be

fined not more than five thousand dollars, or imprisoned not more than five years, or both."

This identical question was before this court in Biddle v. Luvisch, 287 F. 699, and was there decided adversely to the contention of the petitioner. The language of the majority opinion is so clear and comprehensive that we content ourselves with a reference thereto.

The indictment upon its face conferred jurisdiction upon the trial court. If the allegations of that indictment were proved the offense would have been established. By his plea of guilty Lieberman admitted all the facts stated, and further proof by the government was rendered unnecessary. The case falls further directly within the rule announced in Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070.

The decree is reversed, and the case remanded to the court below, with direction to recommit appellee to the custody of the warden.