## BIDDLE, Warden, v. HAYS.

(Circuit Court of Appeals, Eighth Circuit. October 29, 1925.)

### No. 6868.

1. **Habeas corpus ⊂⇒30(2)—Petitioner not entitled to discharge from custody because of defects of indictment not affecting jurisdiction.**

Indictment for third offenses, under National Prohibition Act, tit. 2, §§ 25, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½m, 10138½p), in which allegations of facts to establish third offense, might be regarded as informal and as making charge by way of recital, *held* sufficient to confer jurisdiction, so that habeas corpus was not available after conviction.

2. **Indictment and information ⊂⇒114—Indictment for subsequent offenses need not allege former convictions with particularity required of original charge.**

An indictment for third offense, under National Prohibition Act, tit. 2, §§ 25, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½m, 10138½p), need not allege former offenses with same particularity as in charging such offenses for first time, but such allegations only are necessary as give accused notice that greater penalty is sought to be inflicted, and advise him of nature and extent of offense charged.

3. **Intoxicating liquors ⊂⇒222—Indictment for subsequent offenses of possession of intoxicating liquor need not negative facts making possession lawful.**

An indictment for third offenses under National Prohibition Act, tit. 2, §§ 25, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½m, 10138½p), need not negative conditions making possession of intoxicating liquors lawful.

4. **Habeas corpus ⊂⇒6—Writ granted only in exercise of sound judicial discretion.**

In federal courts, a discharge on habeas corpus of a prisoner confined under criminal accusation or conviction is granted only in the exercise of a sound judicial discretion.

5. **Habeas corpus ⊂⇒3—Writ not ordinarily granted, where law provides other remedy.**

Habeas corpus will not ordinarily be granted when the law has provided another remedy in regular course, unless there is peculiar and pressing need, or the process or judgment under which the prisoner is held is wholly void.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus by Lee Hays against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. From a decree granting the writ, the warden appeals.

Reversed, with directions that petitioner be recommitted to custody.

Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., for appellant.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. The appellee was convicted in the District Court of the United States for the Western District of Arkansas upon three counts of an indictment, which, omitting formal parts, is in the following language:

"The grand jurors of the United States, impaneled, sworn, and charged at the term aforesaid of the court aforesaid, on their oath present that Lee Hays on or about the 21st day of November, in the year 1923, in said division of said district, and within the jurisdiction of said court, as a third offense of the kind on his part, the said Lee Hays having heretofore, to wit, on the ———— day of January, 1921, term of this court, been convicted of a similar charge, that is, the unlawful possession of intoxicating liquor, also having been tried and convicted in this court on the 25th day of October, 1922, of the unlawful possession of intoxicating liquor, unlawfully did possess a large quantity, to wit, 15 gallons, more or less, of intoxicating liquor, to wit, whisky, otherwise than as authorized by the National Prohibition Act, that is to say for intoxicating beverage purposes, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.

### "Second Count.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present that Lee Hays, on or about the 15th day of September, in the year of our Lord 1923, in and for the division and district aforesaid, and within the jurisdiction of this court, did then and there unlawfully possess, as third offense of the kind on his part, the said Lee Hays, having heretofore, to wit, on the ———— day of January, 1921, term of this court, been convicted of a similar charge, that is, the unlawful possession of intoxicating liquor, also having been tried and convicted in this court on the 25th day of October, 1922, of the unlawful possession of intoxicating liquor, a large quantity, to wit, one-half gallon, more or less, of intoxicating liquor, to wit, whisky, otherwise than authorized by the National Prohibition Act,

that is to say, for intoxicating beverage purposes, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.

## "Third Count.

"And the grand jurors aforesaid, on their oath aforesaid, do further present that the said Lee Hays, on or about the 15th day of September in the year 1923, in the said division of said district, and within the jurisdiction of said court, unlawfully did knowingly sell to Charles Swisher and Roy Sloan each one quart, more or less, of intoxicating liquor, to wit, whisky, then and there in a vessel the kind of said vessel being to the grand jurors unknown, and that the said Lee Hays then and there well knew the same to be intoxicating liquor, and sold said whisky for intoxicating beverage purposes, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The sentence imposed is thus stated:

"It is by the court considered, ordered, and adjudged that the said Lee Hays, for his offense as charged in the first count of the indictment, be imprisoned in the United States penitentiary, situated at Leavenworth, in the state of Kansas, for the term and period of two years, and that he pay to the United States of America a fine of $500; that it have execution therefor, and that the said Lee Hays be committed to said penitentiary until said fine is paid; that the said Lee Hays for his offense as charged in the second count of the indictment, it being a third offense of the kind on his part as herein charged, be imprisoned in the United States penitentiary for the term and period of two years, and that he pay to the United States of America a fine of $500, that it have execution therefor, and that the said Lee Hays be committed to said penitentiary until said fine is paid; that the said Lee Hays, for his offense as charged in the third count of the indictment, be imprisoned in said United States penitentiary for the term and period of three months. The term of imprisonment herein adjudged on the second count of the indictment shall run concurrently with the term of imprisonment herein adjudged on the first count of the indictment, and that the term of imprisonment herein adjudged on the third count of the indictment shall begin at the expiration of the terms of imprisonment herein adjudged on the first and second counts of the indictment. Commitment for nonpayment of fine adjudged on the first count of the indictment shall begin at the expiration of the terms of imprisonment herein adjudged, and commitment for nonpayment of the fine adjudged on the second count of the indictment shall begin at the expiration of commitment for nonpayment of fine adjudged on the first count."

The acts upon which the prosecution was founded provide as follows: .

"Sec. 25, title II. It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. * * *" Comp. St. Ann. Supp. 1923, § 10138½m.

"Sec. 29, title I. Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months. * * *"

"Any person violating the provisions of any permit, or who makes any false record, report, or affidavit required by this title, or violates any of the provisions of this title, for which offense a special penalty is not prescribed, shall be fined for a first offense not more than $500; for a second offense not less than $100 nor more than $1,000, or be imprisoned not more than ninety days; for any subsequent offense he shall be fined not less than $500 and be imprisoned not less than three months nor more than two years. It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment. * * *" Comp. St. Ann. Supp. 1923, § 10138½p.

The commitment issued January 24, 1924. The appellee being confined thereunder in the United States penitentiary at Leavenworth, Kan., filed his petition for writ of habeas corpus upon the following stated ground:

"That the statements and allegations contained in said indictment, or in any part thereof, do not state, allege or define any crime against the laws of the United States and that said indictment and each count thereof fails to state or allege such, an offense or any offense for which your petitioner could be confined in the United States penitentiary where he is now detained of his liberty as aforesaid. Your petitioner further alleges that, if said indictment and the statements therein allege or describe any offense against the laws of the United States, it is only a misdemeanor, and punishment thereof can-

not be inflicted upon the defendant at confinement in the United States penitentiary. Your petitioner further alleges that the sentence imposed on your petitioner as shown by the commitment, a copy of which is hereto attached, marked Exhibit A, are excessive and illegal."

This petition was subscribed and sworn to on the 3d day of March, 1924. The government filed a motion to dismiss this petition, and on April 16, 1924, this motion was overruled, and the court below granted the writ and discharged the appellee from custody upon his own recognizance, from which order and decree the warden brings this appeal.

[1] The first and second counts of the indictment sufficiently charge third offenses under the National Prohibition Act to confer jurisdiction upon the trial court for the Western District of Arkansas. In such case it is well settled that habeas corpus will not lie. In Franklin v. Biddle, 5 F.(2d) 19, this court held that:

"In habeas corpus proceedings by a petitioner who has been convicted of a crime, the question for the court is, not the sufficiency of the indictment against a direct attack by demurrer or motion in trial court, or the soundness of the trial court's decision as to the sufficiency of the indictment, but the sufficiency of the indictment to give the trial court jurisdiction to enter upon inquiry and make a decision. * * * The writ of habeas corpus cannot be made to perform the office of a writ of error, but is available only to relieve a prisoner from the restraint imposed by a judgment or order that is absolutely void on the ground that the court was without jurisdiction to render it."

[2] While, upon demurrer or motion, the facts alleged to establish the commission of a third offense might have been regarded as informal and charged by way of recital, nevertheless it is not necessary to allege previous convictions with the same particularity as if the party were charged originally with the commission of such an offense. Such allegations only are necessary as to give the accused notice that a greater penalty is sought to be inflicted than for the first offense (31 Corpus Juris, 735), and sufficient to advise the defendant of the nature and extent of the offense of which he is accused. The indictment in the absence of direct attack measures up to these crucial requirements, and there is no evidence that such direct attack was made in the trial court.

[3] The sentences imposed were within the limit prescribed by the statute, and were not excessive; those upon the first and second counts, as to imprisonment, were made to run concurrently. Under the terms of the judgment the appellee is not sought to be confined at this time under the sentence imposed upon the third count. For this reason, it is unnecessary at this time to determine whether confinement thereunder could be in a penitentiary. The indictment need not negative conditions making possession lawful. Massey v. United States (C. C. A. this circuit) 281 F. 293.

[4, 5] Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070, is decisive in this case. It is there held:

"In federal courts, a discharge on habeas corpus of a prisoner confined under a criminal accusation or conviction is granted only in the exercise of a sound judicial discretion. The instances in which this remedy is granted, when the law has provided another remedy in regular course, are exceptional, and usually confined to situations where there is a peculiar and pressing need for it, or where the process or judgment under which the prisoner is held is wholly void."

That court further holds that, in cases such as this, relief should have been sought by writ of error, in which case the judgment of conviction, if affirmed, would have been reviewable here, and that allowing the time to elapse in which a writ of error might have been taken gave no right to habeas corpus as a substitute. In the body of the opinion the following appears:

"The remedy is an extraordinary one, out of the usual course, and involves a collateral attack on the process or judgment constituting the basis of the detention. The instances in which it is granted, when the law has provided another remedy in regular course, are exceptional and usually confined to situations where there is peculiar and pressing need for it or where the process or judgment under which the prisoner is held is wholly void. This case does not measure up to that test. The Circuit Court in which the petitioners were tried and convicted undoubtedly had jurisdiction of the subject-matter and of their persons, and the sentence imposed was not in excess of its power. The offense charged was neither colorless nor an impossible one under the law. The construction to be put on the indictment, its sufficiency and the effect to be given to the stipulation were all matters the determination of which rested primarily with that court. If it erred in determining them, its judgment was not for that reason void [citing cases], but subject

to correction in regular course on writ of error."

This statement fully covers the case at bar. The trial court had jurisdiction of the subject-matter and of the person of the petitioner. The sentence imposed was not in excess of its power; the offense charged was not colorless; if the court erred, its judgment was subject to correction on writ of error; of this the petitioner did not avail himself, and now resorts to habeas corpus as a substitute. See, also, the case of Fernandez v. Phillips, 268 U. S. 311, 45 S. Ct. 541, 69 L. Ed. 970, decided by the Supreme Court May 25, 1925.

It follows that the decree below should be reversed, and the case remanded to the District Court, with directions that the petitioner be recommitted to the custody of the warden.

It is so ordered.