**BLAIR v. WHITE, Warden.** *

Circuit Court of Appeals, Eighth Circuit.
February 16, 1928.

No. 7924.

1. **Habeas corpus ☞92(1)—Sufficiency of indictment or errors during trial cannot be reviewed in habeas corpus proceeding by convict.**

Jurisdiction in habeas corpus proceeding is limited to an examination of the record to determine whether petitioner is restrained of his liberty without authority of law, and sufficiency of the indictment on which he was convicted, or alleged errors committed during his trial, cannot be reviewed.

*Rehearing denied April 13, 1928.

2. **Criminal law ☞182—Defendant was not placed in "double jeopardy" where, on first trial, jury was discharged without giving verdict.**

A defendant was not twice put in jeopardy, where on a first trial the jury was discharged without giving verdict.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jeopardy (in Criminal Law).]

3. **Criminal law ☞204—Immunity from second jeopardy is waived, where defendant goes to trial without claiming the privilege.**

Immunity from second jeopardy is waived, where defendant goes to trial without claiming the privilege.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition by John W. Blair against T. B. White, Warden of the United States Penitentiary at Leavenworth, Kan., for writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

John W. Blair, in pro. per.

L. E. Wyman, Asst. U. S. Atty., of Hutchinson, Kan. (Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before KENYON, Circuit Judge, and JOHN B. SANBORN, District Judge.

JOHN B. SANBORN, District Judge. The appellant, Blair, was indicted October 19, 1921, in the Central Division of the Western District of Missouri, for two offenses, under two separate counts: First, with having on March 1, 1921, at Cole county, Missouri, assaulted a deputy United States mail messenger, in charge of United States mail, with intent to rob him of the mail; and, second, with having, at the same time and place, assaulted and robbed the same messenger of United States mail matter, by putting his life in jeopardy by the use of a dangerous weapon.

Blair entered a plea of not guilty. On February 1, 1922, his case came on for trial. The court appointed counsel to defend him. A jury was sworn. Testimony on behalf of the government was introduced. "Upon the offer by the United States attorney of a record of previous conviction of the defendant, John W. Blair, alias Frank Hayden, alias James Weston (said offer being made before the defendant had been called as a witness), the defendant, by his attorney," moved the court that the jury be discharged. The court "ordered that said jury be discharged from

further consideration of this cause." Thereafter, on February 15, 1922, a trial was had upon the indictment. Blair was represented by counsel. The jury returned a verdict of guilty upon both counts of the indictment, and on February 16, 1922, Blair was sentenced to the United States penitentiary at Leavenworth, Kan., for the period of 10 years under the first count, and 25 years under the second count, the sentences to run concurrently. Commitment was duly issued, and he has now been in the penitentiary for nearly 6 years, pursuant to the judgment of the court. On December 27, 1926, Blair applied for permission to sue for a writ of habeas corpus in forma pauperis. Permission was granted. Counsel was appointed for him by the court. A petition for habeas corpus was filed. The warden of the penitentiary appeared and moved to dismiss. On May 17, 1927, after a hearing, the court denied the writ, and granted the motion to dismiss the petition, from which order Blair has taken this appeal.

Blair's contention is that he is unlawfully deprived of his liberty because: (1) The indictment was insufficient; (2) the court was without jurisdiction, for the reasons (a) that the judgment and sentence pronounced were beyond the power of the court, and (b) that he had been once in jeopardy before he was tried and sentenced.

[1] The indictment was not demurred to, nor was its validity questioned before, during, or after the trial, until the application for habeas corpus in December, 1926. It has been held times without number that the writ of habeas corpus cannot be used as a writ of error, and that jurisdiction under habeas corpus proceedings is limited to an examination of the record for the purpose of determining whether the person is restrained of his liberty without authority of law. Some of the more recent decisions of the Supreme Court are Whitney v. Dick, 202 U. S. 132, 136, 26 S. Ct. 584, 50 L. Ed. 963; Toy Toy v. Hopkins, 212 U. S. 542, 548, 29 S. Ct. 416, 53 L. Ed. 644; Harlan v. McGourin, 218 U. S. 442, 445, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Matter of Gregory, 219 U. S. 210, 31 S. Ct. 143, 55 L. Ed. 184; Glasgow v. Moyer, 225 U. S. 420, 428, 32 S. Ct. 753, 56 L. Ed. 1147; Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070; Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036. The sufficiency of the indictment cannot be reviewed in habeas corpus proceedings. Matter of Gregory, supra, 213 (31 S. Ct. 143); Glasgow v. Moyer,

supra, 429 (35 S. Ct. 753); Goto v. Lane, supra, 402 (44 S. Ct. 525); Knewel v. Egan, supra, 446 (45 S. Ct. 522).

The crime charged in the second count of the indictment is that defined in section 197 of the Criminal Code (35 Stat. 1126 [18 USCA § 320]), and the only punishment provided is 25 years' imprisonment, so that the sentence imposed under that count was the only one the court had power to impose. It is unnecessary to consider the sentence under the first count, which runs concurrently with the greater sentence.

[2] With reference to the claim that the appellant had been once in jeopardy before he was tried and convicted, and that therefore the court had no jurisdiction to try and sentence him, there are two reasons why it is without merit. The first is that the record fails to show former jeopardy. It shows merely that, at the request of the defendant, the jury was discharged because of misconduct of the United States attorney. In Thompson v. United States, 155 U. S. 271, 274, 15 S. Ct. 73, 39 L. Ed. 146, in which much the same situation was presented, the court said:

"As to the question raised by the plea of former jeopardy, it is sufficiently answered by citing United States v. Perez, 9 Wheat. 579, 6 L. Ed. 165, Simmons v. United States, 142 U. S. 148, 12 S. Ct. 171, 35 L. Ed. 968, and Logan v. United States, 144 U. S. 263, 12 S. Ct. 617, 36 L. Ed. 429. Those cases clearly establish the law of this court that courts of justice are invested with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated, and to order a trial by another jury, and that the defendant is not thereby twice put in jeopardy within the meaning of the Fifth Amendment to the Constitution of the United States."

See, also, Dreyer v. Illinois, 187 U. S. 71, 23 S. Ct. 28, 47 L. Ed. 79; Keerl v. Montana, 213 U. S. 135, 29 S. Ct. 469, 53 L. Ed. 734; Lovato v. New Mexico, 242 U. S. 199, 37 S. Ct. 107, 61 L. Ed. 244; 16 C. J. 250, and cases cited.

[3] The second reason is that, even if there had been former jeopardy, it would not have affected the jurisdiction of the court to try and sentence Blair. The constitutional immunity from second jeopardy is a personal privilege, which may be waived, and is waived when the accused enters a plea of

not guilty, is tried and convicted, without claiming the privilege. Levin v. United States (C. C. A.) 5 F.(2d) 598, 600 (certiorari denied 269 U. S. 562, 46 S. Ct. 21, 70 L. Ed. 412); Brady v. United States (C. C. A. 8th, No. 7786, opinion filed Jan. 3, 1928) 24 F. (2d) 399. Blair never claimed immunity before or during his trial, and cannot claim it now.

The order denying the writ and dismissing the petition is affirmed.