## REESE v. WHITE, Warden.

Circuit Court of Appeals, Eighth Circuit.
March 13, 1928.

No. 7926.

**1. Poisons ⊕═9—Sentence of four years for unlawful purchase of drugs not in original stamped packages held not excessive, nor beyond court's jurisdiction (Harrison Anti-Narcotic Act, as amended [26 USCA §§ 211, 691-707]).**

Court being authorized, under Harrison Anti-Narcotic Act, as amended (26 USCA §§ 211, 691-707; Comp. St. §§ 6287g-6287q), to impose a sentence of five years, or a fine of $2,000 or both, for unlawful purchase or sale of drugs except in original stamped package or from original stamp package, a sentence of four years' imprisonment was not excessive, nor beyond authority and jurisdiction of court.

**2. Poisons ⊕═9—Indictment charging unlawful purchase of narcotics not in original stamped packages or from such packages held to contain all essential elements of offense (Harrison Anti-Narcotic Act, as amended [26 USCA §§ 211, 691-707]).**

Indictment under Harrison Anti-Narcotic Act, as amended (26 USCA §§ 211, 691-707; Comp. St. §§ 6287g-6287q), charging that defendant did unlawfully and knowingly purchase certain designated narcotic drugs, which were not in original stamped packages or from original stamped packages having on them appropriate canceled revenue stamps, *held* to contain all essential elements of offense.

**3. Habeas corpus ⊕═3—Habeas corpus, on ground indictment charges no offense and is indefinite, will not lie, where indictment was not challenged.**

Where indictment containing all essential elements of offense was challenged neither by motion to quash nor by demurrer, and defendant made no application for bill of particulars, but pleaded guilty, thus admitting all jurisdictional facts pleaded, a petition for habeas corpus for discharge will not lie, on ground that facts charged in indictment constitute no offense and that charge is vague and indefinite.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition for habeas corpus by Otis Reese against T. B. White, as Warden of the

25 F.(2d)—5

United States Penitentiary at Leavenworth, Kan. Decree dismissing petition, and petitioner appeals. Affirmed.

L. E. Wyman, Asst. U. S. Atty., of Hutchinson, Kan. (Al F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and JOHN B. SANBORN, District Judge.

VAN VALKENBURGH, Circuit Judge. April 15, 1925, appellant pleaded guilty in the District Court of the United States for the Eastern District of Michigan, at Detroit, upon an indictment containing one count charging:

"That heretofore, to wit, on the 3d day of January, A. D. 1925, at the city of Detroit, in the county of Wayne, in the Southern division of the Eastern district of Michigan, and within the jurisdiction of this honorable court, said Otis Reese and James Bazzill, both late of the city of Detroit aforesaid, did then and there unlawfully, willfully, and knowingly purchase certain quantities of opium and coco leaves, their compounds, preparations, salt, and derivative of opium, to wit, 322 grains of morphine hydrochloride, being a derivative of opium, and 385 grains of cocaine hydrochloride, being a derivative of coco leaves, said narcotic drugs when so purchased not being in the original stamped packages, and not being from original stamped packages having on them the appropriate cancelled United States Internal Revenue Stamps, as required by law, contrary to the form, force, and effect of the act of Congress in such cases made and provided, and against the peace and dignity of the United States."

He was sentenced to be imprisoned in the United States penitentiary at Leavenworth, Kan., for a period of four years. He seeks to be discharged upon writ of habeas corpus upon the grounds that the sentence is excessive, illegal, and void, and that the court was without jurisdiction to impose the same; that the facts charged in the indictment constitute no offense against the laws of the United States; that the charge is so vague and indefinite as to constitute no bar to a subsequent prosecution for the same offense; and that petitioner is, therefore, being deprived of his liberty without due process of law, in contravention of the Fifth Amendment to the Constitution of the United States. [1] The prosecution is brought under the Act of Congress approved December 17, 1914,

as amended (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q), which, among other things, provides that it shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs, including that charged in this indictment, except in the original stamped package, or from the original stamped package. Under this act the court had authority to impose a sentence of five years, or a fine of $2,000, or both such fine and imprisonment; therefore the sentence imposed is clearly not excessive, nor beyond the authority and jurisdiction of the court.

[2, 3] The indictment contains all the essential elements of the offense. It was challenged neither by motion to quash nor demurrer. Appellant made no application for bill of particulars; instead, by his plea of guilty he admitted all the jurisdictional facts pleaded. In such case, both this court, and the Supreme Court, have frequently ruled that a petition for habeas corpus upon the grounds urged will not lie.

In Franklin v. Biddle (C. C. A.) 5 F.(2d) 19, this court held: "In habeas corpus proceedings by a petitioner who has been convicted of a crime, the question for the court is, not the sufficiency of the indictment against a direct attack by demurrer or motion in trial court, or ·the soundness of the trial court's decision as to the sufficiency of the indictment, but the sufficiency of the indictment to give the trial court jurisdiction to enter upon inquiry and make a decision."

And again, in Cardigan v. Biddle (C. C. A.) 10 F.(2d) 444, it was said: "Petition for habeas corpus, to obtain discharge of petitioner from confinement after conviction for an offense, presents solely questions whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether sentence pronounced was within power of court."

See, also, Tullidge v. Biddle (C. C. A. 8) 4 F.(2d) 897; Goto v. Lane, 265 U. S. 393–402, 44 S. Ct. 525, 68 L. Ed. 1070; Knewel v. Egan, 268 U. S. 442–445, 45 S. Ct. 522, 69 L. Ed. 1036.

Appellant in his petition cites Brightman v. United States (C. C. A.) 7 F.(2d) 532, Cain v. United States (C. C. A.) 12 F.(2d) 580, De Moss v. United States (C. C. A.) 14 F.(2d) 1021, and Weaver v. United States (C. C. A.) 15 F.(2d) 38, in support of this contention that his purchase of narcotic drugs does not constitute a violation of the Harrison Anti-Narcotic Act. In Brightman v. United States, Cain v. United States, and De Moss v. United States, the

venue was not proved. In Weaver v. United States, there was no evidence that the purchase was from an unstamped package. These cases were reversed upon these grounds. In the case at bar the venue, and the character of package from which the purchase was made, are alleged in the indictment and admitted by the plea of guilty. These cases, therefore, are without application.

It follows that the decree below should be and is affirmed.