## BARLOS v. WHITE, Warden.

Circuit Court of Appeals, Eighth Circuit.
May 31, 1928.

No. 8012.

1. **Habeas corpus ☞87—That motion to dismiss petition for writ of habeas corpus directed against warden, was made in name of former warden, held immaterial.**

Where application for writ of habeas corpus was directed to court against warden, fact that name of former warden was used in motion to dismiss, instead of name of present warden, *held* immaterial.

2. **Poisons ☞9—Count charging that defendant concealed derivative of opium after importation, knowing it had been imported contrary to law, held not void (21 USCA § 174).**

Count charging that defendant knowingly concealed, after importation, large quantity of certain derivative of opium, knowing that it had been imported contrary to law, in violation of 21 USCA § 174, *held* not void.

3. **Habeas corpus ☞4—Habeas corpus cannot be substituted for writ of error.**

Habeas corpus proceeding cannot be substituted for writ of error.

Appeal from the District Court of the United States for the District of Kansas; Merrill E. Otis, Judge.

Petition for writ of habeas corpus by Nicholas Barlos against T. B. White, Warden of the United States Penitentiary, Leavenworth, Kan. From an order dismissing the petition and denying the writ, petitioner appeals. Affirmed.

Nicholas Barlos, pro se.
Al. F. Williams, U. S. Atty., and Alton H. Skinner and L. E. Wyman, Asst. U. S. Attys., all of Topeka, Kan., for appellee.

Before KENYON, Circuit Judge, and SYMES and MARTINEAU, District Judges.

KENYON, Circuit Judge. Appellant is confined in the United States penitentiary at Leavenworth, Kan., by virtue of the judgment of the District Court of the United States for the Northern District of Illinois, Eastern Division. He was convicted on the first, second, and third counts of an indictment which charged him with the violation of the Harrison Anti-Narcotic Act as amended (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q), and was convicted also on the fifth count of the indictment, which charged a violation of the Narcotic Drug Import and Export Act (USCA tit. 21, § 174). He was sentenced to a term of five years in the penitentiary on the first, the second, and the third counts, said sentences to operate concurrently, with a 10-year sentence imposed on the fifth count, and was incarcerated in the United States penitentiary at Leavenworth on the 11th day of June, 1926.

Appellant filed a petition for a writ of habeas corpus in the United States District Court for the District of Kansas, claiming principally, as to the fifth count of the indictment, that it charged no offense against the laws of the United States and did not come within the provisions of section 174, title 21, USCA, and that it was not specific enough to inform defendant as to the nature of the crime. While objections are raised to the first, second, and third counts, the allegations of the petition seem to be directed principally against the fifth count. The prayer of the petition for habeas corpus is that "this court shall order the release of petitioner from confinement under the sentence imposed on count 5 of said indictment, which count is a nullity."

[1] Motion to dismiss the petition was filed in the name of W. I. Biddle, who had been warden of the United States penitentiary, instead of in the name of T. B. White, who was the warden at the time of the application. The application for the writ was

directed to the court against T. B. White, but it is not a matter of importance that a mistake was made in using in the motion to dismiss the name of the former warden, Biddle, instead of White. Dockter v. White (C. C. A.) 25 F.(2d) 74. The power of the United States District Court for the Northern District of Illinois, Eastern Division, to impose sentences as to the first, second, and third counts of the indictment is not challenged, and, indeed, could not well be. [2, 3] The sole issue raised by appellant is the sufficiency of count 5 of the indictment. The fifth count charged as follows:

"And the grand jurors aforesaid, upon their oath aforesaid, do further present that one Nicholas Barlas, otherwise known as Nicholas Barlos, hereinafter called defendant, late of the city of Chicago, in the division and district aforesaid, on, to wit, April 24, 1926, at. Chicago aforesaid, unlawfully and feloniously did knowingly conceal, after importation, a large quantity of a certain derivative of opium, to wit, 2,622 grains of morphine hydrochloride, and a large quantity of a certain derivative of coca leaves, to wit, 1,748 grains of cocaine hydrochloride; the said defendant then and there well knowing that the said morphine hydrochloride and the said cocaine hydrochloride had been then and there and theretofore imported contrary to law, against the peace and dignity of the United States, and contrary to the form of the statute of the same in such case made and provided."

The statute claimed to be violated is title 21, § 174, USCA, as follows:

"If any person fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or assists in so doing or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

Certainly the indictment was not absolutely void as to count 5. If the indictment was not sufficiently specific, that was a question for the trial court to pass on. No demurrer or motion was filed to the indictment, and its sufficiency was in no way questioned. The charges were not colorless or impossible, and every question here presented as to any of the counts of the indictment could have been presented and determined in the trial court. That court had jurisdiction of defendant and of the alleged offense. The sentence was not beyond its power. The petitioner is not restrained of his liberty in violation of the law. This is merely another of the numerous cases in which the effort is made to substitute habeas corpus for writ of error. It is a work of supererogation to continue to assert what the federal courts have said over and over on this question.

On the authority of Tullidge v. Biddle, Warden (C. C. A.) 4 F.(2d) 897; Franklin v. Biddle, Warden (C. C. A.) 5 F.(2d) 19; Cardigan v. Biddle, Warden (C. C. A.) 10 F.(2d) 444; Sander v. Johnston, Warden (C. C. A.) 11 F.(2d) 509; Blair v. White, Warden (C. C. A.) 24 F.(2d) 323; Brown v. White, Warden (C. C. A.) 24 F.(2d) 392; Reese v. White (C. C. A.) 25 F.(2d) 65; Toy Toy v. Hopkins, U. S. Marshal, 212 U. S. 542, 29 S. Ct. 416, 53 L. Ed. 644; Matter of Gregory, Petitioner, 219 U. S. 210, 31 S. Ct. 143, 55 L. Ed. 184; Goto et al. v. Lane, etc., 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070; Knewel, Sheriff, v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036—the order of the trial court, dismissing the petition and denying the writ, is affirmed.