### KNIGHT v. HUDSPETH, Warden.
### No. 2058.

Circuit Court of Appeals, Tenth Circuit.
May 20, 1940.

138

Edgar S. Vaught, Jr., of Oklahoma City, Okl., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

On June 1, 1935, an indictment numbered 3560 was returned against Knight, the petitioner, and another, in the District Court of the United States in and for the Northern District of Iowa, Western Division. It charged that petitioner and his codefendant, on March 16, 1935, at Sioux City, Woodbury County, in the Western Division of the Northern District of Iowa, "did willfully, knowingly, unlawfully, wrongfully and feloniously transport * * * in interstate commerce, from the City of Omaha, in the State of Nebraska, to a point about one mile North of the city of Sioux City, in Woodbury County, in the State of Iowa, one Gene Mullin; the said Gene Mullin being then and there unlawfully seized, kidnapped, abducted, carried away and unlawfully held by the said Charles H. Knight and Cavanall Douglas Hoover at the time they so transported the said Gene Mullin in interstate commerce as aforesaid; all in violation of the Act of Congress in Title 18, Section 408a of the United States Code [18 U.S. C.A. § 408a]."

On June 1, 1935, an indictment numbered 3561 was returned against petitioner and three others in the same court. It charged that the petitioner and his codefendants on February 4, 1935, at Sioux City, Woodbury County, in the Western Division of the Northern District of Iowa, "did willfully, knowingly, unlawfully, wrongfully and feloniously transport * * * in interstate commerce, from the City of Sioux City in the State of Iowa, to a point about one mile West of Fort Snelling in the State of Minnesota, one Ernest Newman; the said Ernest Newman being then and there unlawfully seized, kidnapped, abducted, carried away and unlawfully held by the said Joe Hanley, Charles H. Knight, Earl Egan and Milo Jensen at the time they so transported the said Ernest Newman in interstate commerce as aforesaid; all in violation of the Act of Congress in Title 18, Section 408a, of the United States Code, 18 U.S.C.A. § 408a."

On June 4, 1935, petitioner entered a plea of guilty to each indictment and was sentenced to serve a term of twenty-five years in a United States penitentiary, to

be designated by the Attorney General, the sentences to run concurrently.

In his application for the writ, petitioner attacks the indictment in No. 3561 on three grounds, namely, that the purported indictment (1) does not show that it was a true bill, (2) does not show the signature of the foreman of the grand jury, and (3) does not have endorsed thereon the names of the witness or witnesses who testified before the grand jury.

He levels no attack against the indictment in No. 3560.

The respondent in his answer set up certified copies of the indictments, sentences, and commitments, from which it appears that each indictment was signed by the foreman of the grand jury and returned in open court, and that the indictment in No. 3560 was endorsed a true bill. The names of the witnesses who appeared before the grand jury are not endorsed on either indictment.

In his reply to the answer, the petitioner alleged that neither indictment charged facts sufficient to constitute an offense against the United States, in that neither alleged a transportation in interstate commerce of a person "held for ransom or reward or otherwise," and in that neither alleged the person transported was not a minor child of petitioner.

■ There is no constitutional or statutory provision requiring the names of the witnesses who appeared before the grand jury to be endorsed on the indictment.[1]

■ An indictment need not negative an exception in the statute upon which it is predicated.[2]

It is true that neither indictment in terms charges that the person transported was "held for ransom or reward or otherwise." Each merely charges that the person transported was unlawfully held by petitioner in violation of 18 U.S.C.A. § 408a.

■ It is well settled that defects in an indictment, not going to the jurisdiction of the court which pronounced sentence, may not be raised on habeas corpus. Hence, on habeas corpus the question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction.[3]

■ If there is a federal offense which the indictment apparently attempts to charge, and the court has jurisdiction over such offense and over the person of the accused, the sufficiency of the indictment is not open to challenge on habeas corpus.[4]

■ The elements of the offense sought to be charged, the construction to be put on the indictment, and its sufficiency were all matters the determination of which rested primarily with the trial court. If it erred in determining them, its judgment was not for that reason void.[5]

■ Here, the offense which each of the indictments attempts to charge was neither colorless nor an impossible one under the law. It is plain that each undertook to charge an offense under 18 U.S.C.A. § 408a, and that the trial court had jurisdiction over such offense and over the person of petitioner. It follows that the alleged defects in the indictments were not such as would deprive the court of jurisdiction or render them subject to challenge on habeas corpus.

■ Since the sentences were concurrent, it is unnecessary to determine the effect of the failure to endorse a true bill on the indictment in No. 3561.

The judgment is affirmed.

[1] Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732.

[2] Nicoli v. Briggs, 10 Cir., 83 F.2d 375, 379, and cases there cited.

[3] Moore v. Aderhold, supra, 108 F.2d page 731; Garrison v. Hudspeth, 10 Cir., 108 F.2d 733, 734.

[4] Aderhold v. Hugart, 5 Cir., 67 F.2d 247, 248; Farnsworth v. Zerbst, 5 Cir., 98 F.2d 541, 543.

[5] Aderhold v. Hugart, supra; Goto v. Lane, 265 U.S. 393, 402, 44 S.Ct. 525, 68 L.Ed. 1070; Knewel v. Egan, 268 U.S. 442, 445, 446, 45 S.Ct. 522, 69 L.Ed. 1036; In re Coy, 127 U.S. 731, 756, 757, 8 S.Ct. 1263, 32 L.Ed. 274; Ex parte Watkins, 3 Pet. 193, 203, 28 U.S. 193, 7 L.Ed. 650; Ex parte Parks, 93 U.S. 18, 20, 23 L.Ed. 787; Ex parte Yarbrough, The Ku-Klux Cases, 110 U.S. 651, 654, 4 S.Ct. 152, 28 L.Ed. 274.