### Ex parte SAVAGE.

(Circuit Court, D. Kansas, First Division. January 7, 1908.)

#### No. 8,643.

1. INDIANS—ALLOTTEES—CITIZENSHIP—EFFECT—OFFENSES—JURISDICTION.

Where lands have been allotted to Indians in severalty, as authorized by Act Cong. Feb. 8, 1887, c. 119, 24 Stat. 388, the Indians cease to be wards of the government, and become citizens of the United States and of the state in which they reside, and are therefore amenable to the criminal laws of the state and triable in the state, and not in the federal courts, unless the offense charged was committed within territory over which the United States has reserved the exclusive jurisdiction to its courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indians, §§ 63–66.]

2. HABEAS CORPUS—SCOPE OF WRIT—JUDGMENT—CONCLUSIVENESS.

Act Cong. March 3, 1885, § 9, c. 341, 23 Stat. 385, declares that all Indians committing certain crimes within any territory of the United States,

and either within or without any Indian reservation, shall be subject to the laws of such territory relating to the crime specified, and shall be tried therefor in the same courts and in the same manner and be subject to the same penalties as all other persons charged with the commission of such crimes, and all Indians committing such offenses within any state and within the limits of any Indian reservation shall be subject to the same penalties as are all other persons committing any of the crimes within the exclusive jurisdiction of the United States. *Held*, that where petitioner was indicted in a federal court within the district of Oregon for an offense committed on an Indian reservation, and he was convicted and sentenced on a plea of not guilty, the judgment constituted a conclusive adjudication that petitioner was a nonallotted Indian, and therefore triable in the federal court, and hence he could not obtain his discharge on habeas corpus on the ground that both he and his victim were allotted Indians, and that the federal court had no jurisdiction to try him.

B. F. Jones, for petitioner.
J. S. West, for respondent.

POLLOCK, District Judge. This is an application for writ of habeas corpus presented by Louie Savage, an Indian, indicted, tried, and convicted in the Circuit Court of the United States for the District of Oregon November 16, 1905, for the crime of murder, and sentenced to the penitentiary of the state of Oregon at hard labor during the remainder of his natural life, and duly removed from that institution, under order of the Attorney General, to the United States penitentiary at Leavenworth, this state, where he is now undergoing his punishment.

The indictment presented against petitioner on which he was tried, convicted, sentenced, and now suffering punishment is in language as follows:

"In the Circuit Court of the United States for the District of Oregon.

"United States of America v. Louie Savage.

"Indictment. Violation of Section 5339, R. S., as Amended by Act of March 3, 1885.

"District of Oregon—ss.:

"The grand jurors of the United States of America, chosen, selected and sworn within and for the District of Oregon, in the name and by the authority of the United States of America, upon their oaths do find and present:

"That Louie Savage, an Indian, on the 24th day of April, 1904, upon the Grande Ronde Indian Reservation, within the state and district of Oregon, and within the exclusive jurisdiction of the United States, did then and there feloniously, and with premeditated malice and aforethought, wilfully kill and murder one Foster Wacheno, an Indian, by then and there shooting him the said Foster Wacheno with a loaded pistol, and thereby inflicting upon the said Foster Wacheno a mortal wound, from which said mortal wound so then and there inflicted by the said Louie Savage, he the said Foster Wacheno then and there dies; contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America.

"Dated at Portland, Oregon, this 19th day of October, 1904."

To this indictment defendant demurred for want of jurisdiction of the court and on other grounds. The demurrer was overruled, and he was put upon his trial with the result above stated, as shown by the record of the trial and proceedings attached to his petition.

The ground of the petition for the writ in this case is that the Circuit Court of the United States for the District of Oregon had no jurisdiction to try or punish him for the offense, for that, as he claims in his petition for the writ, on the 24th day of April, 1904, the date the crime is charged in the indictment to have been committed, and long prior to that time, although he and the deceased lived on the Grande Ronde Indian reservation, in the state of Oregon, where the crime is charged to have been committed, yet that he was there born in the year 1879, and on the 25th day of January, 1881, he was allotted a quarter section of land out of said reservation in severalty, and that the deceased, Foster Wacheno, was at the date of the crime also an allotted Indian; that under and in pursuance of Act Cong. Feb. 8, 1887, c. 119, 24 Stat. 388, as such allotted Indians, he and the deceased were citizens of the United States and of the state of Oregon. Therefore petitioner was amenable to and triable under the laws of the state of Oregon, and not under the laws of the United States for the alleged offense. Therefore it is contended the court trying him was without jurisdiction, its acts void, and he is entitled to his discharge. There is no law reserving exclusive jurisdiction to the courts of the United States of offenses committed on the Grande Ronde Indian reservation. Therefore, generally speaking, crimes committed within the boundaries of that reservation are within the jurisdiction of the state courts of Oregon, and not the federal courts sitting in that state. Since the decision by the Supreme Court in the case In re Heff, 197 U. S. 488, 25 Sup. Ct. 506, 49 L. Ed. 848, it cannot be doubted, I think, under act Cong. Feb. 8, 1887, c. 119, 24 Stat. 388, when Indians have been allotted in severalty and have received their patent, they are no longer wards of the government, but are citizens of the United States and of the state in which they reside, and are entitled to all the rights guaranteed to all citizens of such state, and are amenable to the criminal laws of such state, to the same extent and in the same manner as any other citizen of the state, and they are not amenable to the criminal laws of the United States or presentable or triable in the courts of the United States sitting in such state, unless the offense charged against them be committed within territory over which the government has reserved exclusive jurisdiction to its courts.

If, therefore, the allegations of the petition filed in this case for the writ are to be taken as true for the purpose of this hearing, or if the allegations of fact in regard to the allotment and consequent citizenship of the petitioner is open to inquiry in this court and may be proven upon a trial, he would be entitled to his discharge; but does this conclusion entitle petitioner to the writ demanded in this case? I think not, and for this reason. It is not the province of a proceeding in habeas corpus to review or retry the original case in which the petitioner was tried and convicted or to re-examine the issues of fact tried and determined in that case, or to call in question the existence of such facts as were essential to the judgment rendered in the case. If, as a matter of law, arising on the face of the record made in the trial of the case, the court rendering the judgment acted without jurisdiction, then its judgment is void, and such result may be declared in this

habeas corpus proceeding. Act Cong. March 3, 1885, c. 341, 23 Stat. 385, provides as follows:

"Sec. 9. That immediately upon and after the date of the passage of this act all Indians, committing against the person or property of another Indian or other person any of the following crimes, namely, murder, manslaughter, rape, assault with intent to kill, arson, burglary, and larceny within any Territory of the United States, and either within or without an Indian reservation, shall be subject therefor to the laws of such Territory relating to said crimes, and shall be tried therefor in the same courts and in the same manner and shall be subject to the same penalties as are all other persons charged with the commission of said crimes, respectively; and the said courts are hereby given jurisdiction in all such cases; and all such Indians committing any of the above crimes against the person or property of another Indian or other person within the boundaries of any State of the United States, and within the limits of any Indian reservation, shall be subject to the same laws, tried in the same courts and in the same manner, and subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States."

It was under this act as amendatory of section 5339 of the Revised Statutes [U. S. Comp. St. 1901, p. 3639], that Savage was tried, convicted, and sentenced. His plea of not guilty interposed to the charge there made against him of necessity put in issue the very question of fact here attempted to be relitigated on his petition; that is, the fact whether he and the deceased were allotted Indians at the time the crime was committed, and thus his crime was not within the jurisdiction of the court, or whether they were nonallotted Indians and subject to its jurisdiction, for the determination of this issue of fact inheres in and is essential to the judgment of conviction entered against him. In other words, in contemplation of law, the trial court was given jurisdiction over a class subject to certain exceptions. The fact that the court proceeded to judgment against defendant therein is a conclusive determination that the exception did not exist in such case, or, if it did in fact exist, that the fact was erroneously determined by the court and jury against the defendant. But errors of fact or errors of mixed fact and law must be corrected on appeal, not by proceedings in habeas corpus.

It follows the judgment of conviction is conclusive against the fact here sought to be drawn into litigation in this case, and that the petition must be denied. It is so ordered.