212 U.S. 542 (1909)
TOY TOY
v.
HOPKINS, UNITED STATES MARSHAL.
No. 49.
Supreme Court of United States.
Argued December 9, 1908.
Decided February 23, 1909.
APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WASHINGTON.
*543 Mr. A.E. Crane, with whom Mr. F.T. Woodburn was on the brief, for appellant.
*546 MR. CHIEF JUSTICE FULLER delivered the opinion of the court.
Toy Toy and Columbia George, both Indians of the Umatilla tribe, were jointly indicted in a state court in Oregon for the crime of murder in the firsts degree, committed on an Indian woman on the United States Indian reservation in Umatilla County, Oregon; were separately tried and convicted, and each sentenced to death. Columbia George appealed from the judgment of conviction on the ground, among others, that the state court was without jurisdiction, inasmuch as the crime was committed by Indians upon an Indian on an Indian reservation, and that it was therefore within the exclusive jurisdiction of the Federal courts. In a careful opinion by Wolverton, J., the Supreme Court of the State of Oregon upheld this contention, and, reversing the judgment of the trial court, ordered the discharge *547 of the defendant. State v. Columbia George, 39 Oregon, 127. Thereupon defendants were indicted under § 5339 of the Revised Statutes in the Circuit Court of the United States for the District of Oregon, regularly tried and convicted of murder (without capital punishment) and sentenced to imprisonment for the term of their natural lives.
At October term, 1905, application was made to this court for leave to file a petition for the writ of habeas corpus, which was denied March 5, 1906. 201 U.S. 641. Thereafter a petition for writ of habeas corpus on behalf of Toy Toy only was filed in the Circuit Court of the United States for the Western District of Washington. That court denied the petition, and the case is now before this court on appeal.
The indictment in this case charged Columbia George and Toy Toy, Indians, with the murder of Annie Edna, an Indian woman, upon the Umatilla Reservation within the State and District of Oregon.
On the face of the record the United States Circuit Court for the District of Oregon, in which these Indians were last tried and convicted, had jurisdiction of the offense and of the defendants. They were tried, found guilty and sentenced to the penitentiary for life. Five years thereafter Toy Toy applied for the writ of habeas corpus, and alleged that the indictment, arraignment, trial, judgment, sentence and commitment were wholly null and void for want of jurisdiction over subject-matter and person. The petition alleged:
"That the place where said Annie Edna was killed was a tract of land which had once been a part of the Umatilla Indian Reservation, in the State of Oregon, but that long prior to and at the time of the death of the said Annie Edna the said tract of land had been allotted to one Tatzhammer, and a patent for the said land had been duly issued to her, by the United States, as a member of the Umatilla tribe of Indians. And that the said premises whereon said Annie Edna was killed, by reason of said allotment and patent, ceased to be Indian country and ceased to be a part of the said Umatilla Indian Reservation *548 in Oregon. That on the 16th day of September, 1899, your petitioner, who was prior thereto a member of the Umatilla tribe of Indians, received an allotment of land from what had theretofore been a part of the Umatilla Indian Reservation in Oregon, and received from the United States a preliminary patent for said allotment, and by reason of said allotment and patent of land, and by virtue of the act of Congress, approved February 8, 1887, your petitioner became, and at the time of the killing of the said Annie Edna on the 24th day of August, 1900, was, and at all times since has been a citizen of the United States and of the State of Oregon, and subject to its laws.
"Your petitioner further states that he was born within the territorial limits of the United States, and that at the time of the killing of the said Annie Edna your petitioner had voluntarily taken up within the limits of the United States his residence, separate and apart from the Umatilla tribe of Indians, and had adopted the habits of civilized life, and that for all of the reasons heretofore given the act of Congress of March 3, 1885, is unconstitutional and void when applied to the facts herein set out."
If such were the facts, and they made out a want of jurisdiction under the applicable statutes, which on the merits we do not hold, the Circuit Court, nevertheless, was authorized to hear and pass upon those questions in the first instance, and its decision was open to review in the appellate court by writ of error. But it could not be attacked collaterally as absolutely void, and habeas corpus cannot be availed of as a writ of error.
"It is rarely that things are wholly void and without force and effect as to all persons and for all purposes, and incapable of being made otherwise. Things are voidable which are valid and effectual until they are avoided by some act; while things are often said to be void, which are without validity until confirmed." 8 Bac. Abr. Void and Voidable; Ewell v. Daggs, 108 U.S. 143; Weeks v. Bridgman, 159 U.S. 541, 547; Louisville Trust Co. v. Comingor, 184 U.S. 18, 25. In the latter case we said, among other things:
*549 "Jurisdiction as to the subject-matter may be limited in various ways, as to civil and criminal cases; cases at common law or in equity or in admiralty; probate cases, or cases under special statutes; to particular classes of persons; to proceedings in particular modes; and so on. In many cases jurisdiction may depend on the ascertainment of facts involving the merits, and in that sense the court exercises jurisdiction in disposing of the preliminary inquiry, although the result may be that it finds that it cannot go farther. And where, in a case like that before us, the court erroneously retains jurisdiction to adjudicate the merits, its action can be corrected on review."
And see United States v. Shipp, 203 U.S. 563.
We are of opinion that the Circuit Court was right in denying the application for the writ of habeas corpus and that its final order must be affirmed.
It is true that the writ was granted in the case of In re Heff, 197 U.S. 488, but the explanation of that case, given in the case of In re Lincoln, 202 U.S. 178, deprives it of any weight here.
Final order affirmed.

*551 PER CURIAM OPINIONS DELIVERED BY THE SUPREME COURT OF THE UNITED STATES FROM OCTOBER 12, 1908, TO FEBRUARY 23, 1909.