### PATTON v. UNITED STATES ex rel. SOUTH SIDE CO.

(Circuit Court of Appeals, Fourth Circuit. March 31, 1923.)

No. 2067.

1. **Jury** ⬅13(21)—**Defendant held not entitled to jury trial.**

On a rule to show cause for contempt for violation of an injunction, defendant *held* not charged with any act which constituted a criminal offense under the laws of the state, which entitled him to a jury trial under Act Oct. 15, 1914, § 22 (Comp. St. § 1245b).

2. **Injunction** ⬅219—**Willful disobedience of an injunction constitutes contempt.**

Willful disobedience of an injunction issued by a court having jurisdiction, however erroneously, and while such injunction is in force, unreversed, constitutes a contempt of court.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Proceeding for contempt by the United States, on relation of the South Side Company, against Joe Patton. Defendant adjudged in contempt, and he brings error. Affirmed.

Charles J. Van Fleet, of Charleston, W. Va. (Harold W. Houston, of Charleston, W. Va., on the brief), for plaintiff in error.

S. B. Avis, of Charleston, W. Va. (A. M. Belcher, of Charleston, W. Va., and J. H. McGinnis, of Beckley, W. Va., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. On April 14, 1922, the South Side Coal Company and other coal companies filed their bill in the District Court for the Southern District of West Virginia against the International Organization, United Mine Workers of America, its officers and members, charging against the defendants conspiracy with the operators producing bituminous coal in the so-called "central competitive field," embracing Western Pennsylvania, Ohio, Indiana, and Illinois, to restrain and restrict unreasonably the interstate trade and commerce in coal of the nonunion coal operators of West Virginia, including the plaintiffs in this suit, by attempting to control and limit the production, sale, and shipment of the coal of plaintiffs, and the operation of their mines, in competition with the coal produced at the mines of the operators of "central competitive field," in violation of the rights of said plaintiffs and of their nonunion employees, and contrary to the provisions of certain acts of Congress of the United States, commonly called the Anti-Trust Acts, referred to in the bill. Upon application for a preliminary injunction the District Court found as a fact that the conspiracy existed, and that one of the means used to carry it out was "to unlawfully, maliciously, and wrongfully induce, incite, and cause the employees of the plaintiffs to break their contracts of employment with said plaintiffs, which contracts are known to exist by the defendants."

The District Court awarded a temporary injunction. On petition for supersedeas pending appeal this court decreed that the injunction be suspended until its further order, except in the following particulars, to wit:

(1) That said injunctional decree is not suspended in so far as it restrains the said defendants and each of them from interfering with the employees of the plaintiffs or with men seeking employment at their mines by menaces, threats, violence, or injury to them, their persons, families, or property, or abusing them, or their families, or by doing them violence in any way or manner whatsoever, on by doing any other act or thing that would interfere with the right of such employees and those seeking employment to work upon such terms as to them seem proper, unmolested, and from in any manner injuring or destroying the properties of the plaintiffs, or either of them, or from counseling or advising that these plaintiffs should in any way or manner be injured in the conduct and management of their business and in the enjoyment of their properties and property rights.

(2) That said injunctional decree is not suspended in so far as it restrains the said defendants and each of them from trespassing upon the properties

of the plaintiffs or either of them, or by themselves or in co-operation with others from inciting, inducing or persuading the employees of the plaintiffs to break their contracts of employment with the plaintiffs.

(3) The said injunctional decree is not suspended in so far as it restrains the said defendants and each of them from aiding or assisting any other person or persons to commit or attempt to commit any of the acts herein enjoined.

On July 17, 1922, on the relation of the South Side Company, Joe Patton and G. W. Lavender were charged with contempt of the court in the violation of the order of injunction. On the same day an order was made requiring them to show cause why they should not be punished for violation of the injunction. The defendants answered denying that they had violated the order. On their demand they were informed that they were charged with violating sections 2 and 3 of the injunction decree. The following is the bill of particulars served:

"That the said G. W. Lavender and Joe Patton did, on the day and date aforesaid, in the county aforesaid, willfully, wrongfully, maliciously, and unlawfully incite, induce, and persuade certain employees of the South Side Company to break their contracts of employment with said company, and attempted to induce and cause other of said employees of said company, to break their contracts of employment with said company then existing."

The court refused the demand for a jury trial, heard the evidence, acquitted Lavender, and convicted and sentenced Patton.

[1] The court's refusal of the demand for a jury trial is first assigned as error. The contention is that the bill of particulars set out acts which constituted a criminal offense under the West Virginia statute and that, therefore, under Act Oct. 15, 1914, 38 Stat. 738, § 22 (Comp. St. § 1245b), the defendants were entitled to a jury trial. The West Virginia statute (Code Supp. 1918, § 495—42) provides:

"Nor shall any person or persons or combination of persons, by force, threats, menaces, or intimidation of any kind, prevent or attempt to prevent from working in or about any mine, any person or persons who have a lawful right to work in or about the same, and who desire so to work."

The bill of particulars does not charge force, threats, menaces, or intimidation, which are essential to sustain a criminal charge under the state statute. It follows that nothing is charged which would be an offense under the criminal statute, and therefore the appellants were not entitled to a jury trial.

Plaintiff in error next contends there was no evidence of a contract, other than a mere employment at will, between the coal company and the miners whom Patton was alleged to have incited, induced, and persuaded to break their contracts. The order of injunction necessarily imports that such contracts were judicially found to exist between the South Side Company and the miners working with it. Aside from that, the witness Brown expressly testified, without contradiction, that contracts of employment existed between the South Side Company and the persons whom the plaintiff in error was charged with enticing, inducing, and persuading to break their contracts. There can be no doubt that the undenied language of the speech made by the plaintiff in error, an officer of the United Mine Workers of America, on the property of the South Side Company to about 20 miners under

contract with the South Side Company, was used in violation of the injunction for the purpose of getting them to break their contracts by stopping work and that it was well calculated to produce that result. The undisputed testimony was that only two of the miners who heard the speech reported for work the next day.

[2] After a hearing the conspiracy. charged had been adjudged to be prima facie established by the proof. The undisputed evidence showed that plaintiff in error had violated the injunction order made to prevent the consummation of the conspiracy. Hitchman Coal & Coke Co. v. Mitchell, 245 U. S. 229, 38 Sup. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461; American Steel Foundries v. Tri-City Central Trades Council, 257 U. S. 184, 211, 42 Sup. Ct. 72, 66 L. Ed. 189; Howat v. Kansas, 258 U. S. 181, 189, 42 Sup. Ct. 277, 280 (66 L. Ed. 550), hold:

"An injunction duly issuing out of a court of general jurisdiction with equity powers, upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them, however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming, but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court. its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished. Gompers v. Bucks Stove & Range Co., 221 U. S. 418, 450; Toy Toy v. Hopkins, 212 U. S. 542. 548. See also United States v. Shipp, 203 U. S. 563, 573."

Affirmed.