### Ex parte CEJA.

Circuit Court of Appeals, Ninth Circuit.

Sept. 3, 1931.

John W. Burrows and Frame & Raffetto, all of Reno, Nev., for petitioner.

Gray Mashburn, Atty. Gen., W. T. Mathews, Deputy Atty. Gen., and Merwyn Brown, Dist. Atty., of Winnemucca, Nev., for respondent.

Before WILBUR, Circuit Judge.

WILBUR, Circuit Judge.

Petitioner, desiring to appeal from a dismissal of his petition for writ of habeas corpus by the United States District Court for the District of Nevada, sought a certificate of probable cause from the District Judge and also petition for allowance of appeal. Both requests were denied, and he makes application to me for such a certificate and for the allowance of an appeal.

■ The petition and paper submitted therewith show that petitioner was charged by an information filed in the state court of Nevada with the crime of murder and plead guilty thereto. The court heard evidence to ascertain the degree of murder and ascertained that the murder was committed in an attempt to commit robbery and determined that the murder was of the first degree and sentenced petitioner to death. An appeal was taken to the Supreme Court of the State of Nevada and the judgment affirmed. 298 P. 658. The petition for the writ of habeas corpus was based on the ground that in the state of Nevada a presentment by a grand jury is essential to the prosecution of a felony, although the Constitution of Nevada expressly provides otherwise. The contention is based on the proposition that under the Enabling Act of Congress which provided for the framing of a Constitution the members of the Constitutional Convention were required to declare on behalf of the people of the territory of Nevada that they adopted the Constitution of the United States. For that reason it is claimed that Amendment 5 of the Federal Constitution is effective in Nevada to regulate state practice, although ineffective for that purpose in every other state. There is no merit in this contention. Moreover, the question cannot be raised in the federal courts by petition for writ of habeas corpus. Harlan v. McGourin, 218 U. S. 442, 445, 447, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Toy Toy v. Hopkins, 212 U. S. 542, 29 S. Ct. 416, 53 L. Ed. 644; In re Wilson, 140 U. S. 583, 11 S. Ct. 870, 35 L. Ed. 513; Whitney

v. Dick, 202 U. S. 132, 26 S. Ct. 584, 50 L. Ed. 963; Gonzales v. Cunningham, 164 U. S. 612, 17 S. Ct. 182, 41 L. Ed. 572; Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; Bolln v. Nebraska, 176 U. S. 83, 20 S. Ct. 287, 44 L. Ed. 382; Hurtado v. California, 110 U. S. 516, 4 S. Ct. 111, 292, 28 L. Ed. 232.

It is also contended that it was a denial of due process of law for the trial court to hear testimony and determine the degree of murder, notwithstanding the express provision of the Nevada law authorizing and requiring this to be done.

It is claimed that the Nevada statute is violative of the Nevada Constitution, which provides that the judges shall not charge juries with respect to matters of façt. There is no merit in this contention (Hallinger v. Davis, 146 U. S. 314, 13 S. Ct. 105, 36 L. Ed. 986), and if there were it cannot be presented by petition for writ of habeas corpus.

Petitioner alleges: "That two federal questions are involved in the illegal holding of the petitioner and that the same have been passed upon unfavorably by the highest court of the state of Nevada." This allegation merely emphasizes the fact that petitioner's remedy for the alleged error is not by habeas corpus but by appeal.

In view of the seriousness of the judgment and its impending execution, we have examined the record presented to us in connection with the petition and find that the petitioner not only pleaded guilty to the charge of murder, but upon the intiative of his attorney took the witness stand upon the hearing before the court and testified that the murder was committed in an attempt to commit robbery, and the property in the possession of the petitioner was identified as the property which had belonged to the deceased and which he admitted he took at the time of the murder. No defense was interposed or suggested.

For the reasons stated the petition for a certificate of probable cause is denied, and petition for the allowance of an appeal is denied.