## UNITED STATES v. FRENCH.
### No. 4084.

District Court, W. D. Michigan, S. D.
Nov. 14, 1934.

Joseph M. Donnelly, U. S. Atty., and Thurman B. Doyle, Asst. U. S. Atty., both of Grand Rapids, Mich.

Butterfield, Keeney & Amberg, of Grand Rapids, Mich., for respondent.

RAYMOND, District Judge.

Respondent was arraigned on October 16th after arrest on bench warrant issued upon the filing of an information charging him with contempt of court. He entered a plea of not guilty. Upon request by his counsel, leave was granted to withdraw the plea and to file a demurrer to the information on or before October 18th. On that date a pleading denominated "Demurrer and Motion to Quash Information" was filed, and on the following day motion to quash warrant and motion to strike affidavits were filed. Many

grounds are urged in support of the various motions. Extended discussion thereof is unnecessary, in view of well-settled principles relative to the nature of contempt proceedings and the sufficiency of informations on which they are based.

■ No fixed formula has been prescribed for contempt proceedings, and technical accuracy is not required. In the case of Myers v. United States, 264 U. S. 95, 104, 44 S. Ct. 272, 273, 68 L. Ed. 577, it was said: "While contempt may be an offense against the law and subject to appropriate punishment, certain it is that since the foundation of our government proceedings to punish such offenses have been regarded as sui generis and not 'criminal prosecutions' within the Sixth Amendment or common understanding." And in the case of Conley v. United States, 59 F.(2d) 929, 935, we find: " 'Contempt proceedings are sui generis, being neither civil actions nor prosecutions for offenses within the ordinary meaning of such terms, and technical accuracy in such proceedings is not required, and contention that information was bad for duplicity was therefore without merit.' "

■ The rule is well settled in the federal courts that, where informations are signed by the United States Attorney, it will be presumed that he acted on his oath as an officer of the government, and it has been frequently held that verification and supporting affidavits are unnecessary. See Abbott Bros. Co. v. United States (C. C. A.) 242 F. 751; United States v. Adams Express Co. (D. C.) 230 F. 531; Jordan v. United States (C. C. A.) 299 F. 298; Kelly v. United States (C. C. A.) 250 F. 947; Stine v. United States (C. C. A.) 32 F.(2d) 742; Merrill v. United States (C. C. A.) 6 F.(2d) 120; United States v. Newton Tea & Spice Co. (D. C.) 275 F. 394; Weeks v. United States (C. C. A.) 216 F. 292, 298, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524.

■ Respondent argues that the information is defective because its averments as to time and place are too vague and indefinite to show the commission of an offense within the jurisdiction of the court. The well-recognized rule that uncertainty of time and place, even in indictments for felonies, may be eliminated by motion for bill of particulars, leads the court to conclude that the information sufficiently informs defendant of the fact that he is charged with violation of an injunction issued by this court on September 11, 1934, after personal service of an order to show cause to which he failed to respond. The information clearly charges that, after personal service of the writ by the United States Marshal on September 14, 1934, respondent has ever since that date continued to pay to his employees and each and every one of them less than 35 cents per hour, as prescribed by the code of fair competition for the retail solid fuel industry, and that he is permitting his employees and each of them to work in excess of 8 hours in any 24-hour period, and is continuing to fail to file reports as required by the code authority. Of course, there can be no conviction of respondent upon general charges vaguely and indefinitely stated, and he may be found guilty, if at all, only upon charges clearly stated. Others must be regarded as redundant. It is inconceivable that respondent cannot, upon the advice of counsel, be fully prepared to meet the charges specifically made, and, if uncertainty or confusion exists as to time or place, the remedy is by demand for bill of particulars.

■ Respondent urges that the restraining order made in the equity proceedings was void for want of jurisdiction of the subject-matter, and that this invalidity is a defense in proceedings to punish for alleged contempt. The rule relied on by him that orders made by a court having no jurisdiction to make them may be disregarded without liability to punishment for contempt is inapplicable here. Jurisdiction both of the person and of the subject-matter is clearly present, and respondent was not within his rights if, as charged, he treated the order for temporary injunction as a nullity. So long as it remained the order of the court he was bound to obey it. Determination of its validity or invalidity was not his privilege.

■ Acts of Congress and the mandates of courts carry with them presumptions of validity which to a considerable degree control judicial action and must at all times influence the conduct of individuals. It is not for citizens to overrule these presumptions and to act in defiance thereof. In a government of law no one may act solely with regard to that which is right in his own eyes. Such course would result only in confusion and disaster. Restraining orders of courts of competent jurisdiction and the prohibitions of statutes should be obeyed until duly constituted authority has released the obligation. The extent of willingness to submit to constituted authority acting within its powers is the measure of the progress toward the law

of right sought by civilized society as against the law of might which controls the jungle.

█ Respondent was afforded full opportunity to appear in court and urge any possible reasons against issuance of the injunction. He makes no claim that he was impeded by illness, poverty, or ignorance from so doing. He now urges unconstitutionality of the act as applied to the industry in which he is engaged. That issue is not open to him in contempt proceedings. In the case of Howat v. Kansas, 258 U. S. 181, 189, 42 S. Ct. 277, 280, 66 L. Ed. 550, Chief Justice Taft said: "An injunction duly issuing out of a court of general jurisdiction with equity powers, upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them, however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming, but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished. Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 450, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; Toy Toy v. Hopkins, 212 U. S. 542, 548, 29 S. Ct. 416, 53 L. Ed. 644. See, also, United States v. Shipp, 203 U. S. 563, 573, 27 S. Ct. 165, 51 L. Ed. 319, 8 Ann. Cas. 265."

█ See, also, Alemite Mfg. Corporation v. Staff (C. C. A.) 42 F.(2d) 832. In proceedings of this character, the court is not called upon to pass upon the validity of the law in question or to review the original proceedings taken under it. Proceedings for contempt are independent and no part of the original cause. See Michaelson v. United States, 266 U. S. 42, 64, 45 S. Ct. 18, 69 L. Ed. 162, 35 A. L. R. 451. See also, Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 451, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874. Should the validity of the act involved and its application to respondent become issues in the equity proceedings in which the injunction here under consideration was issued, they will there receive due consideration.

The several motions and demurrer are overruled, and a judgment of respondeat ouster will be entered in conformity with R. S. § 1026 (18 USCA § 561).