862

## DAVIS v. JOHNSTON, Warden.
### No. 10754.

Circuit Court of Appeals, Ninth Circuit.
Aug. 25, 1944.

Paul Davis, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, STEPHENS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

Petitioner was convicted of murder committed during a robbery. He was sentenced to life imprisonment and has been transferred to the United States Penitentiary at Alcatraz, where he is now serving his sentence. The jurisdiction of the federal court over the crime of murder committed in South Dakota is predicated upon the allegation that the crime was committed within an Indian Reservation (the Rosebud Indian Reservation). His petition to the United States District Court for the Northern District of California, Southern Division, is based upon his allegation that the store in which the robbery and murder occurred was not within the Indian Reservation and, consequently, not within the jurisdiction of the federal courts because, as he alleges, the land upon which the building was located had been allotted and patented to an Indian in severalty and thereafter had been sold by him to a white citizen. He therefore claims that the land was no longer within the reservation. His petition for release on habeas corpus was denied and he appeals.

The first question on this appeal is whether or not such a jurisdictional point can be raised in habeas corpus proceedings after trial and conviction on an indictment alleging the jurisdictional fact that the crime was committed within the reservation. The uniform rule is that where the jurisdiction of the court is in issue in the trial court and is dependent upon facts alleged, the finding of jurisdiction is conclusive on the parties in a collateral attack on the judgment on habeas corpus proceedings or otherwise.

In appellant's petition he states that he did not object to the jurisdiction of the court in the trial of the criminal case for the reason, he now alleges that he was not aware of the fact that the store building in which the crime was committed was not within the reservation. The decision of the court in the criminal case upon the factual question of jurisdiction is equally conclusive whether or not it was raised by the defendant.

The appellee relies upon the case of Hatten v. Hudspeth, 10 Cir., 99 F.2d 501, wherein one of codefendants of petitioner sought release by habeas corpus upon the same ground now presented by him. The court held that the question could not be effectively raised in a collateral attack. The Circuit Court of Appeals for the Eighth Circuit, in Kills Plenty et al. v. United States, 133 F.2d 292, upon a direct appeal from a judgment imposing sentence for grand larceny committed within said Indian Reservation, held that the court had jurisdiction of the offense, notwithstanding the fact that the land on which the larceny was committed was patented.

The appellant herein concedes the force of these decisions but states that the recent decision of the Supreme Court in Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.

Ed. 455, has so far amended the rule as to the conclusiveness of the criminal judgment that the question of the jurisdiction of the trial court may be considered on habeas corpus in exceptional cases in a collateral attack on the judgment. That decision is not applicable here. The question there involved was whether or not the court, on habeas corpus, would consider the claim that the federal courts had jurisdiction of an offense committed in Chickamauga and Chattanooga National Park, a government reservation. The Supreme Court held that where a question of law only was involved, in view of the importance and exceptional character of the claim, it would be considered in the habeas corpus proceeding. It is clear that no such circumstance exists in the instant case and the reference by the Supreme Court to Toy Toy v. Hopkins, 212 U.S. 542, 549, 29 S.Ct. 416, 53 L.Ed. 644, and Rodman v. Pothier, 264 U.S. 399, 402, 44 S.Ct. 360, 68 L.Ed. 759, and our own decision in Walsh v. Archer, 9 Cir., 73 F.2d 197, shows that there is no intention to overrule or modify the decisions in the cases cited which announce the rule that the finding of the trial court on the jurisdictional facts is conclusive.

Affirmed.