## Ex parte GEORGE WALLACE.

No. A-10656. Sept. 19, 1945.

(162 P. 2d 205.)

William T. Powell, of Walters, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J.   This is an original proceeding in habeas corpus filed by the petitioner, George Wallace, to secure his release from confinement in the State Penitentiary.

The verified petition alleges that on February 3, 1942, there was filed in the justice of the peace court in the city of Walters, in Cotton county, Okla., a complaint charging the petitioner with the crime of rape upon one Dixie Lee Hovah, age six years; that thereafter, a warrant was issued and defendant was incarcerated in the county jail of Cotton county; that defendant waived a preliminary examination and his case was certified to

the district court of Cotton county. Later, an informa-. tion was filed against the defendant in the district court of Cotton county, charging the crime of rape in the first degree, substantially as alleged in the criminal complaint. That on May 8, 1942, the defendant appeared with his counsel before the district court of Cotton county, entered his plea of guilty to said charge contained in the information, and was by the court sentenced to serve a term of 25 years' imprisonment in the State Penitentiary.

That on the date the petitioner was sentenced by the district court of Cotton county, a stipulation signed by counsel for defendant and the county attorney of Cotton county was filed, which stipulation recited that the alleged act constituting the crime of rape for which said defendant was charged was committed on the southwest quarter of section eight (8), township two (2) south, range nine (9) west, Cotton county, Oklahoma, and that said quarter section of land is, and was, restricted Indian land, the title to which is held in trust by the United States of America for a member of the Comanche Tribe of Indians.

The petition further alleges that the restraint and imprisonment under the judgment and sentence aforesaid is illegal for the following reason:

That the petitioner is a full-blood, enrolled, and restricted Comanche Indian, and that the said Dixie Lee Hovah is also an enrolled and restricted Comanche Indian, and that the restrictions have never been removed from either the petitioner or the said Dixie Lee Hovah, and, for that reason, since the acts which are alleged to have constituted the commission of the crime of rape were performed on restricted Indian land, that the district court of Cotton county was without jurisdiction of the

offense charged, that the judgment and sentence was void, as sole and exclusive jurisdiction of said offense was vested in the United States District Court for the Western District of Oklahoma.

Attached to the petition are copies of the complaint, the minutes of the justice of the peace, before whom the defendant was brought for a preliminary examination, a copy of the information, the stipulation of counsel, and the judgment and sentence pronounced against defendant upon his plea of guilty.

It is interesting to note at this juncture that the petition for writ of habeas corpus filed in the instant case was not filed until after the lapse of three years, so that any further action against the petitioner, in case he secured his release from confinement in the State Penitentiary in the instant action, would be barred in either the state or the federal courts by reason of the three years period of limitation on commencement of a criminal action of this nature. 22 O. S. 1941 § 152.

A rule to show cause was issued and the warden of the State Penitentiary has filed a response to the petition, in which response he admits that he is holding the petitioner in custody in said penitentiary pursuant to the judgment and sentence of the district court of Cotton county rendered on May 8, 1942, by which judgment and sentence the said George Wallace was committed to the State Penitentiary to serve a term of 25 years.

The respondent further alleges that the judgment and sentence was regularly and duly pronounced upon defendant's plea of guilty in the presence and with the advice of counsel. That defendant George Wallace had been duly and properly charged by information for the crime of rape committed in said Cotton county. That there

was nothing in said information nor in the stipulation filed by counsel to show that either George Wallace or Dixie Lee Hovah were Indians and that on the face of the record the court had jurisdiction of the offense and of the person of the defendant and jurisdiction to pronounce said sentence and the only way the matter now argued by counsel could be presented was by an objection to the jurisdiction of the trial court and by appeal to this court in case of an adverse ruling. That no objection to the jurisdiction of the trial court was ever interposed by defendant or his counsel and the stipulation filed by counsel was not even called to the attention of the trial court, although there was nothing in said stipulation to show that either the petitioner or the complainant was an Indian.

Upon a hearing had before this court, it was stipulated by counsel that, subject to the objection of the Attorney General as to the competency and relevancy of said evidence, the petitioner and the victim of the crime were restricted Comanche Indians.

The minutes of the justice of the peace, before whom the complaint was filed, recite:

"Whereupon, this the 3d day of February, 1942, C. C. Campbell filed herein complaint, charging the above named defendant, George Wallace, with the crime of rape, and a warrant thereafter was issued and placed in the hands of the sheriff of Cotton county, Oklahoma.

"Thereafter, on the 4th day of February, 1942, an amended complaint was filed in the cause, but the arraignment was delayed until the defendant would have time to make arrangements with some attorney to represent him, and thereafter, on February 9, 1942, the district attorney's office of Oklahoma City demanded that the defendant be turned over to the Federal government for

prosecution and his request was complied with. Thereafter, on March 12th, the Federal Attorney, Charles Becker, notified the County Attorney of Cotton County, that the Federal government had made a thorough investigation of the alleged crime and desired to return the defendant back to the State and to Cotton County for prosecution by reason of the want of Federal jurisdiction. Thereafter, on the 12th day of March, 1942, the defendant was returned to the County jail of Cotton County, and thereafter, on March 17th, 1942, defendant appeared before the undersigned magistrate in person and with his attorney and legal advisor, Wm. T. Powell, and after the complaint was read to the defendant and after he was fully advised of the nature of the indictment lodged against him, he entered a plea of not guilty, waived preliminary hearing and asked that his case be certified up to the District Court of Cotton County."

It is contended by petitioner that exclusive jurisdiction of the crime of rape committed by an Indian on another Indian or other person on an Indian Reservation is exclusively vested in the courts of the United States, citing 18 U.S.C.A. § 548, which provides:

"All Indians committing against the person or property of another Indian or other person any of the following crimes, namely, murder, manslaughter, rape, incest, assault with intent to kill, assault with a dangerous weapon, arson, burglary, robbery, and larceny on and within any Indian reservation under the jurisdiction of the United States Government, including rights of way running through the reservation, shall be subject to the same laws, tried in the same courts, and in the same manner, and be subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States: Provided, That any Indian who commits the crime of rape upon any female Indian within the limits of any Indian reservation shall be imprisoned at the discretion of the court: Provided further, That as herein used the offense rape shall be

defined in accordance with the laws of the State in which the offense was committed.

"The foregoing shall extend to prosecutions of Indians in South Dakota under section 549 of this title. (Mar. 4, 1909, c. 321, § 328, 35 Stat. 1151, as amended June 28, 1932, c. 284, 47 Stat. 337.)"

In support of his contention, there was, also, cited, United States v. Kagama, 118 U. S. 375, 6 S. Ct. 1109, 30 L. Ed. 228; United States v. Celestine, 215 U.S. 278, 30 S. Ct. 93, 54 L. Ed. 195.

The above provision of the United States Code here involved, particularly with reference to the Five Civilized Tribes, was discussed at length by this court in Ex parte Nowabbi, 60 Okla. Cr. 111, 61 P. 2d 1139. It was therein held that the term "Indian Country," as used in the provision of the Code, 25 U.S.C.A. § 217, did not extend to the territory occupied by the Five Civilized Tribes. It was further held in said case:

"Decisions of United States Supreme Court on question whether conviction of Indian in state court for committing crime of murder on person of another Indian on restricted Indian allotment within boundaries of former nation of Indian Territory violated Federal Constitution held conclusive on state courts (Const. Okla. art. 1, § 1; Const. U.S. art. 6; Amend. 10.) . . .

"Words 'sole and exclusive' within statute that general laws of United States as to punishment of crime committed in any place within sole and exclusive jurisdiction of United States should extend to Indian country do not apply to jurisdiction extended over Indian country, but are only used in description of laws which are extended to it (25 U.S.C.A. § 217).

" 'Indian country,' within statute extending to Indian country general criminal laws of United States, is country to which Indians retained right of use and oc-

cupancy, involving under certain restrictions freedom of action and of enjoyment in their capacity as a distinct people, and which ceases to be such when title of Indians is extinguished, unless by virtue of some reservation expressed at time and clearly appearing (25 U.S.C.A. § 217.)

"Indians residing on reservation established by United States in part of Oklahoma which was formerly Oklahoma Territory are subject to federal authority as wards of general government for whom power to legislate is exclusively in Congress (25 U.S.C.A. § 349.)

"Land which was formerly a part of Indian reservation established by United States in part of Oklahoma which was formerly Oklahoma Territory which is in possession of Indian under restricted allotment without power of alienation is 'Indian country' within statute extending general federal criminal laws to Indian country (25 U.S.C.A. §§ 217, 349).

"Criminal laws of state except so far as restricted by authority of Congress to regulate commerce with Indian tribes extend to all crimes committed on lands within part of state that was formerly Indian Territory, in absence of contrary provision in Enabling Act or treaty with Five Civilized Nations or Tribes (Act Cong. June 16, 1906, 34 Stat. 267; 25 U.S.C.A. §§ 217, 349; Const. U.S. Art. 1, § 8, cl. 3.) * * *

"Lands within part of Oklahoma which was formerly Indian Territory held not 'Indian country' within statute extending general federal criminal laws to such country, and hence state courts have jurisdiction to prosecute and sentence, under state laws, an Indian for murder, manslaughter, rape, assault with intent to kill, arson, burglary, and larceny committed on another Indian on such land even when such crimes are committed on restricted Indian allotment (Act Cong. June 16, 1906; 34 Stat. 267; 25 U.S.C.A. §§ 217, 349; Cr. Code, § 328, 18 U.S. C.A. § 548.)"

It should be borne in mind that this is a proceeding to secure release from confinement by habeas corpus.

It has been many times held by this court that the writ of habeas corpus will not issue unless the judgment and sentence is void on its face. Ex parte Gilbert, 71 Okla. Cr. 268, 111 P. 2d 205; Ex parte Banning, 73 Okla. Cr. 398, 121 P. 2d 619; In re Knight, 75 Okla. Cr. 316, 131 P. 2d 506; Ex parte Gray, 74 Okla. Cr. 200, 124 P. 2d 430.

In King v. State, 16 Ala. App. 341, 77 So. 935, 936, it is stated:

"But the writ (habeas corpus) did not originate nor was it designed to embarrass or interfere with the courts in the due administration of justice in cases where such courts have the general jurisdiction of the subject-matter and of the person of the defendant."

In the case of Davis v. Johnston, Warden, 9 Cir., 144 F. 2d 862, it is stated:

"Syl. 1. After trial and conviction in federal court on indictment alleging jurisdictional fact that offense was committed within Indian Reservation, jurisdiction of federal court could not be challenged in habeas corpus proceeding on ground that land on which offense was committed had been allotted and patented to an Indian in severalty and thereafter sold to a white citizen and was therefore not within Indian Reservation.

"Syl. 2. Where jurisdiction of court is in issue in trial court and is dependent upon facts alleged, the finding of jurisdiction is conclusive on the parties in a collateral attack regardless of whether question of jurisdiction was raised by accused."

In the case of Ex parte Savage, C. C., 158 F. 205, the second syllabus reads:

"Act Cong. March 3, 1885, § 9, c. 341, 23 Stat. 385, declares that all Indians committing certain crimes within any territory of the United States, and either within or without any Indian reservation, shall be subject to the laws of such territory relating to the crime specified,

and shall be tried therefor in the same courts and in the same manner and be subjected to the same penalties as all other persons charged with the commission of such crimes, and all Indians committing such offenses within any state and within the limits of any Indian reservation shall be subject to the same penalties as are all other persons committing any of the crimes within the exclusive jurisdiction of the United States. Held, that where petitioner was indicted in a federal court within the district of Oregon for an offense committed on an Indian reservation, and he was convicted and sentenced on a plea of not guilty, the judgment constituted a conclusive adjudication that petitioner was a non-allotted Indian, and therefore triable in the federal court, and hence he could not obtain his discharge on habeas corpus on the ground that both he and his victim were allotted Indians, and that the federal court had no jurisdiction to try him."

In the body of the opinion, it is stated:

"If, therefore, the allegations of the petition filed in this case for the writ are to be taken as true for the purpose of this hearing, or if the allegations of fact in regard to the allotment and consequent citizenship of the petitioner is open to inquiry in this court and may be proven upon a trial, he would be entitled to his discharge; but does this conclusion entitle petitioner to the writ demanded in this case? I think not, and for this reason. It is not the province of a proceeding in habeas corpus to review or retry the original case in which the petitioner was tried and convicted or to re-examine the issues of fact tried and determined in that case, or to call in question the existence of such facts as were essential to the judgment rendered in the case. If, as a matter of law, arising on the face of the record made in the trial of the case, the court rendering the judgment acted without jurisdiction, then its judgment is void, and such result may be declared in this habeas corpus proceeding."

The case of Maust v. Warden, 9 Cir., 283 F. 912, 914, is similar in many aspects to the instant case. There,

Maust sought his release from confinement in the Federal Penitentiary at Leavenworth, Kansas, where he had been committed by the United States District Court for the Western District of Oklahoma, to serve a sentence of life imprisonment for the crime of murder. The petitioner contended that he was a white man and that Alvin Bateman, the deceased, upon whom the homicide was alleged to have been committed, was also a white man and not an Indian and, for that reason, the District Court of Noble County, in the State of Oklahoma, and not the United States District Court had jurisdiction to try him for the alleged offense. In the body of the opinion, it is stated:

"There is another reason why the action of the district court in refusing to discharge appellant must be sustained. On application for the writ the only inquiry open for consideration was that of jurisdiction of the trial court. Collins v. McDonald, 258 U. S. 416, 42 S. Ct. 326, 66 L. Ed. 692 (decided April 10, 1922.) The petition for the writ charged that the court was without jurisdiction. There can be no doubt that a white man may be indicted, prosecuted, tried, convicted and punished in a federal court sitting within a state, for the murder of an Indian committed within Indian country. Donnelly v. United States, 228 U.S. 243, 33 S. Ct. 449, 57 L. Ed. 820, Ann. Cas. 1913E, 710; United States v. Pelican, 232 U.S. 442, 34 S. Ct. 396, 58 L.Ed. 676. It may be conceded that an indictment charging such an offense against a white man might be successfully challenged in limine, if it did not appear that the one murdered was an Indian; but if it be not so charged and the indictment be not challenged, and it appear on the trial that the person murdered was an Indian, the United States court sitting within a state would have jurisdiction of the offense. It does not appear from this indictment that Bateman was not an Indian. But in either event, the question whether the trial court had or did not have jurisdiction on that account was one for its inquiry and

determination. It had authority to hear and pass upon that question of fact, and its decision could have been reviewed by writ of error, but it cannot be attacked collaterally. Toy Toy v. Hopkins, 212 U.S. 542, 29 S. Ct. 416, 53 L. Ed. 644. This court, in Foltz v. St. Louis & S. F. R. Co., 60 F. 316, 8 C.C.A. 635, in a clear and forcefully reasoned opinion, said:

" 'Jurisdiction of the subject-matter is the power to deal with the general abstract question to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question. Nor is this jurisdiction limited to making correct decisions. It empowers the court to determine every issue within the scope of its authority according to its own view of the law and the evidence, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties to it, unless reversed by writ of error or appeal, or impeached for fraud.'

"See, also, Board of Com'rs [of Lake County] v: Platt, 8 Cir., 79 F. 567, 25 C.C.A. 87; Phebus v. Search, 9 Cir., 264 F. 407."

See, also, Rodman v. Pothier, 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759.

An examination of the information filed herein shows that it merely alleges that George Wallace committed the crime of rape on Dixie Lee Hovah, age six years, in a county of Cotton, and described the acts by which the offense was committed. Neither the citizenship nor race of either party is mentioned in the information. The information upon its face conferred jurisdiction on the district court of Cotton county to proceed with the trial of the accused. Upon arraignment of the accused by the

district court, he could have objected to the jurisdiction of the trial court to proceed with the cause and made a showing that he was a restricted Indian and that the offense was committed upon land held in trust by the United States for the Comanche Tribe of Indians. An appeal could have been taken to this court from an adverse ruling. The minutes of the justice of the peace, herein above set forth, show that the United States District Attorney demanded and was given custody of the petitioner while the case was pending before the examining magistrate, but that, thereafter, the federal authorities released the petitioner back to the county attorney of Cotton county by reason of want of federal jurisdiction. This recital appeared in the transcript of the record filed by the justice of the peace in the district court of Cotton county.

Upon the face of the record, the district court of Cotton county had jurisdiction of the subject matter, to wit, rape in the first degree, had jurisdiction of the person of the defendant, and, when the defendant entered his plea of guilty to the charge of rape, as set forth in the information, without challenging the jurisdiction of the state court, the said state court had authority to proceed to pronounce judgment and sentence upon the plea of guilty. Upon the face of the record, the district court of Cotton county had jurisdiction to pronounce sentence, and, at this late date, after the statute of limitation has run so as to prevent a prosecution against the petitioner in either the state or the federal court, this court will not sustain a collateral attack upon the judgment of the district court of Cotton county.

The petition for writ of habeas corpus is accordingly denied.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.