### CHERETON et al. v. UNITED STATES.
### No. 10286.

Circuit Court of Appeals, Sixth Circuit.
April 7, 1947.

Writ of Certiorari Denied June 23, 1947.
See 67 S.Ct. 1757.

Louis Hopping, of Detroit, Mich. (Louis M. Hopping and Fitzgerald, Walker, Conley & Hopping, all of Detroit, Mich., on the brief), for appellants.

J. Leonard Townsend, of Washington, D. C. (John C. Lehr and Francis X. Norris, both of Detroit, Mich., and J. Leonard Townsend, of Washington, D. C., on the brief), for appellee.

Before ALLEN, MARTIN, and MILLER, Circuit Judges.

PER CURIAM.

We meet here appeals by a corporation and an individual who controlled its policies from judgments of conviction and sentence for criminal contempt, in the wilful and deliberate violation of an injunction in a civil action.

From the evidence in the record, there is no doubt whatever that appellants wilfully violated the injunction. They contend that the regulation which they were enjoined from violating is not supported by statutory authority; but that, if it is, the Act of Congress is unconstitutional. In either event, it does not follow that their conviction for criminal contempt in violating the injunction should be reversed. On the contrary, it is clear that the judgments below must be upheld upon the direct authority of Howat v. Kansas, 258 U.S. 181, 189, 190, 42 S.Ct. 277, 280, 66 L.Ed. 550, wherein Chief Justice Taft thus expressed the unanimous opinion of the Supreme Court: "An injunction duly issuing out of a court of general jurisdiction with equity powers upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished. Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.

Ed. 797, 34 L.R.A.,N.S., 874; Toy Toy v. Hopkins, 212 U.S. 542, 548, 29 S.Ct. 416, 53 L.Ed. 644. See also United States v. Shipp, 203 U.S. 563, 573, 27 S.Ct. 165, 51 L.Ed. 319, 8 Ann.Cas. 265."

This language was quite recently quoted with approval by Chief Justice Vinson, in writing the opinion of the Supreme Court in United States v. United Mine Workers f America, 330 U.S. 258, 67 S.Ct. 677, 696. Cf. authorities cited by the Chief Justice in footnotes 58 and 59 of the opinion.

The judgments of the District Court are affirmed.